Estes, J.
This is an action on an account stated. The Court made the following findings to wit:
The plaintiffs are the executors of the will of Asa P. French, and they declare in three counts upon accountings *126 by Asa P. French and Robert Dietz. The account is based upon certain legal services performed by Asa P. French between January 2, 1924 and November 30, 1926', less credits for certain payments on account. This action was brought against Robert Dietz and the writ is dated October 23, 1937. Robert Dietz died thereafter and a citation issued against his widow, Ray Dietz, who had qualified on March 22, 1939, as administratrix. Asa P. French died September 17, 1935, and his executors qualified by giving bond on October 28, 1935. The defendant pleads a general denial, payment and the statute of limitations.
Robert Dietz was engaged in business as an individual until on or about January 17, 1924. On January 17, 1924, R. Dietz Leather Company, Inc., was incorporated under the laws of Massachusetts. The name of this corporation was changed to Goniprow & Dietz Kid Corporation by articles of amendment filed March 20, 1925. Later the name of this corporation was changed to R. Dietz Leather Co. Inc., by articles of amendment filed on January 6,1927. Robert Dietz was an officer and stockholder of this corporation and was from and after its incorporation the active manager of its business. A creditors petition was filed against the said corporation on May 6, 1930, and bankruptcy schedules were filed on June 9, 1930’. A composition offer was made later. The name of Asa P. French does not appear in the Schedules or in any of the other papers on file in the said bankruptcy proceedings.
Asa P. French, Esquire, was an attorney for and did render leg’al services for both Robert Dietz and for the said corporation during the period from January 17, 1924 to November 30, 1926. The office card records of Mr. French setting forth the services upon which charges were *127 made carried the names of Robert Dietz and the corporation. An itemized bill for the services for which this action was brought was sent to Robert Dietz with a letter dated March 17, 1927. This bill included a charge of $250. for certain retainer services due December 31, 1926. A notation at the end of the bill states;
“Annual retainer of Corporation and Dietz covers consultations, correspondence, advice, etc., in matters not in court.”
A payment of $500. on account, made by the corporation on February 12, 1927, was acknowledged on February 14, 1927, in a letter from Mr. French to Mr. Dietz which read in part as follows:
“I have your check for $500. for which I am obliged. I am crediting the proceeds to your account for services rendered in various matters not covered by my annual retainer of $500.”
The total net amount of the bill mailed by Mr. French on March 17, 1927, was $4090.95.
After March 17, 1927, a number of letters from Mr. French requesting payments, carried as the names of the addressees “Mr. Robert Dietz, R. Dietz Leather Company.”
Payments upon account of the services rendered by Mr. French were made by checks of the corporation to and including December 10, 1929. The net balance on December 10, 1929, from the records of Mr. French, was the sum of $2140.95.
I find upon all the evidence that said Asa P. French intended to hold Robert Dietz and the said corporation severally responsible for his said charges, excepting only *128 so much thereof as might be said to represent a retainer by said corporation. Asa P. French distinguished between the said Robert Dietz personally and the said corporation. Although Asa P. French did not prove a claim against the said corporation in bankruptcy, there was no evidence that Asa P. French executed any release to or for either Robert Dietz or the said corporation.
In a letter dated March 6, 1980, and directed by Mr. French to “Mr. Robert Dietz, R. Dietz Leather Company”, Mr. French stated in part: “Please make me some cash offer in compromise of the balance of my bill against you.” A reply to this letter was made by R. Dietz Leather Co. Inc., by letter dated March 14, 1930. This letter stated in part, “We cannot make any cash offer at just this time, but in a couple of months we will be able to do something in the way of a cash offer.” This reply upon corporation stationery was signed “R. Dietz Leather Company, Inc., R. Dietz”. I find as a fact that this reply did not constitute either an acknowledgment of a personal debt from Robert Dietz or a personal promise from Robert Dietz to pay the balance of the bill rendered by Asa P. French, or to pay any part of said balance.
There was some oral evidence indicating that following this correspondence relative to compromise, that the bill of Asa P. French was “settled”. No bills for the said ser-' vices were sent by Asa P. French after 1930. There was evidence that Mr. French was ill after 1930-. Upon all the evidence I am not satisfied that the said charges made by Asa P. French were in fact paid, after compromise or otherwise.
The next to the last payment on account of the said services rendered by Asa P. French was made by R. Dietz *129 Leather Co. Inc., on August 16, 1929. Asa P. French died on September 17, 1935. Excepting for a final payment of $150. on account of said services made on December 10, 1929, all of the said charges of Asa P. French would have continued for more than six years prior to this action without any payment thereon. I find that this final payment on account made on December 10, 1929, was made by the said corporation, and was not made by Robert Dietz personally. I find as a fact that Robert Dietz as an officer of said corporation and not otherwise, did direct the issuance of said Corporation check of December 10, 1929. I find that this action was not commenced within six years next preceding the time when the cause of action accrued, and that this action is barred by the statute of limitations.
The defendant’s requests for rulings are treated as waived with the consent of both counsel.
Of twenty-three requests filed by the plaintiffs, the Court denied 1, 2, 3, 13, 15, 16, 19, 20, 21 and 22 as inapplicable or based on facts not found. All others were allowed.
The Court ruled, and found (Plaintiff’s request No. 11) that there was an account stated. This finding was justified, if not compelled, on the evidence. In any event, no objection being raised, it became the law of the case. Norton vs. Town of North Attleborough, 302 Mass. 137 at 141. The account stated, (Exhibit 36), was in the sum of $2140.95, based on a bill sent by the plaintiffs’ testate to Robert Dietz January 2, 1930. It included the credit of the check sent to French, plaintiffs’ testate, on December 10, 1929, and received by French December 11, 1929.
The Court allowed the plaintiffs’ request No. 17, to which no objection was raised. That also became the law of the case, and the plaintiffs had until October 27, 1937, in *130 which to bring suit, if the statute of limitations had not run out prior to the death of their testate. The writ was dated October 23, 1937, and if the statute was tolled, and again began to run as of December 10,1929, the suit was not barred by the statute. G. L. Ch. 260 S. 10; Boston Mill Corp. vs. Tyndale, 218 Mass. 420.
The Court, impliedly, found that the debt was a joint and several obligation of Robert Dietz and the R. Dietz Corporation. He found that the check of the corporation, signed by Dietz, the treasurer, who was the manager and principal owner of the corporation, was a payment by the corporation and not by Dietz; and hence, the statute was not tolled against Dietz. 1. Admittedly, if it was a payment by Dietz, it operated to toll the statute. We think the evidence required a finding that, at least, the payment was made by one duly authorized by Dietz to make it, if not by his agent in fact. It could not be said the corporation was a mere interineddler, or volunteer, or stranger to the transaction. See 37 C. J., S. (635) 5, p. 1159; Credit Service Corp. vs. Barker, 308 Mass. 470. We are of the opinion that the evidence and the findings of the Court compelled a finding that it was “made by his (Dietz) direction and authority”, and took “effect from the time when it was made”. Credit Service Corp. vs. Barker, Supra.
2. “An account stated is an agreement that the balance and all items of an account representing the previous monetary transactions of the parties thereto are correct, together with a promise to pay such balance. ... it may be made wherever the relation of debtor and creditor exists.” 1 C. J. Sec. 1, p. 693; McMahon vs. Brown, 210 Mass. 23; Chaco vs. Trafford, 116 Mass. 529. “ . . .it imputes to the apparent debtor an admission of liability for the amount *131 of the balance against him and an actionable promise to pay it. ’ ’ Barker Auto Co. vs. Bennett, 219 Mass. 304 at 308. Whether or not the payment in question could be found to have been made originally by one other than Dietz, by the manner, and under the circumstances, in which it was made, we think the finding is compelled that Dietz consented to, and authorized, the payment, and further, that he later confirmed it by the implied consent to the bill from French, which fixed the account stated.
This was within the period which the statute would have to run. It is, we think, as much of an acknowledgement of the debt at the time the account stated was fixed as an admitted payment by Dietz, personally, would be. Credit Service Corp. vs. Barker, Supra. And see Rizkalla vs. Abusamra, 264 Mass. 303 at 307; Safford vs. Barney, 121 Mass. 300. Also see Atlantic Cotton Mills vs. Indian Orchard Mills, 147 Mass. 268.
3. We think the denial of the plaintiffs’ fifteenth request was error. The ¡Court dealt with it, and we see fit to review it. It follows that denial of plaintiffs’ twentieth request was error. The payment in question was made by Dietz, or with his consent and authorization and later confirmed.
4. Having arrived at this conclusion, we do not need to decide the questions of the admission and exclusion of evidence, nor the points raised by the denial of other requests, nor other matters, briefed and argued by the parties.
5. The finding for the defendant is vacated. Finding for the plaintiffs is ordered, under Count 1 of their declaration, in the sum of two thousand one hundred forty and 95/100 (2140.95) dollars, with interest from January 2, 1929.