JAMES A. THOMPSON, administrator, *vs.* FLORENCE
BELIAUSKAS
(and a companion case[1]).

Middlesex.    January 6, 1960. — May 12, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Evidence,* Admissions and confessions, General objection to admission of
    evidence, Interrogatories. *Practice, Civil,* Exceptions: saving of ex-
    ception, whether error harmful; Interrogatories. *Error,* Whether error
    harmful. *Negligence,* Cafe, Intoxicated person. *Agency,* Scope of au-
    thority or employment.

At the trial of an action against one in charge of a cafe to recover for the
    death of the plaintiff's intestate as a result of alleged negligence of the
    defendant, her agent, servant or employee, in causing an intoxicated
    person to be "thrown, pushed or hurled" through the front door of the
    cafe against the intestate, a signed statement of the defendant that she
    told the bartender to put the intoxicated person out and that the bar-
    tender "put him out—grabbed him and threw him out" was properly
    admitted in evidence as an admission.    [97]
At the trial together of actions of tort against a corporation and an officer
    of the corporation, evidence clearly admissible against the individual
    defendant was competent for all purposes and against the corporation
    where there was only a general objection and exception to its admission.
    [97]
A mere objection to the admission of evidence, without the saving of any
    exception, at the trial of an action in the Superior Court presented no
    question to this court.    [98]
At the trial of an action to recover for the death of the plaintiff's intestate
    as a result of alleged negligence of the defendant in causing an intoxi-
    cated person to be ejected by an employee of the defendant through the
    front door of a cafe and thrown against the intestate, answers by the
    plaintiff to interrogatories, stating that the intestate was sober and
    stating the name of the alleged employee, were improperly admitted in
    evidence under G. L. c. 231, § 89, when offered by the plaintiff where
    none of the plaintiff's answers had been introduced by the defendant,
    but the admission of the answers introduced by the plaintiff did not
    prejudice the defendant since there was no evidence that the intestate
    was not sober and the person named by the plaintiff was not an employee
    of the defendant.    [98]

---

[1] The companion case is by the same plaintiff against Al's Cafe, Incorpo-
rated, of Cambridge.

A finding in an action, that a corporation owning a cafe where liquor was
served and an officer of the corporation in charge of the cafe were negli-
gent and liable for the death of the plaintiff's intestate resulting when
an intoxicated person ejected through the front door of the cafe by the
bartender thereof was thrown against the intestate, was warranted by
evidence that the individual defendant told the bartender to put the
intoxicated person out and that the bartender "put him out—grabbed
him and threw him out" using excessive force.   [98]

Two ACTIONS OF TORT.   Writs in the Superior Court dated
March 7, 1957.

The actions were tried together before *Swift*, J.

*Gregory Sullivan*, for the defendants.

*Charles E. Cunningham*, for the plaintiff.

WILLIAMS, J.   These are actions of tort against the cor-
porate owner of a cafe, called "Al's Cafe," and one of its
officers for negligently causing the suffering and death of
the plaintiff's intestate.   Each declaration alleges that the
defendant by an agent, servant or employee negligently
caused one Quinn to be "thrown, pushed or hurled"
through the front door of the cafe against the plaintiff's
intestate who was passing by and that the plaintiff's intes-
tate received injuries from which he died.   There were ver-
dicts for the plaintiff.   We have before us exceptions by
the defendants to rulings upon evidence and to the denial of
motions for directed verdicts.

There was evidence that in the late afternoon of June 11,
1955, one Quinn was in the cafe of the defendant corpora-
tion on Massachusetts Avenue in Cambridge under the in-
fluence of liquor and was ejected therefrom in such manner
and with such force that his body was thrown against the
plaintiff's intestate who was passing on the sidewalk, caus-
ing injuries which resulted in death.   The defendants con-
tend that there was no competent evidence that the deceased
was injured by a person for whose act either defendant was
legally liable.

The defendant Florence Beliauskas was an officer of the
corporation and at the time of Quinn's ejectment was in
charge of the cafe.   Called as a witness by the plaintiff she
testified that she told the bartender Goodwin that Quinn

was not to be served and that Goodwin told Quinn to leave. She denied that she told Quinn to get out or told anyone to throw him out. A signed statement given by her to Toomey, a police officer, on June 15, in which she said that she told Goodwin to put Quinn out and that "Goodwin put him out—grabbed him and threw him out," was admitted in evidence over the defendants' exceptions. This statement was obviously admissible against her as an admission, and since the objection and exception to its admission were general it was competent as evidence for all purposes and against the corporation. *Solomon* v. *Dabrowski,* 295 Mass. 358, 359. *Salonen* v. *Paanenen,* 320 Mass. 568, 575. See *Palm* v. *Kulesza,* 333 Mass. 461, 463–464.

Quinn was also called as a witness by the plaintiff. He testified that Mrs. Beliauskas told him that he was not to be served; that the cafe was crowded; that he saw one Carl Garland, whom he knew, sitting in a booth drinking; that "the next thing he saw after Florence spoke to him 'I was out on the sidewalk,' 'I staggered out the door' . . . 'I don't know if anyone pushed me or not' "; and that he bumped into the deceased as he was going by and knocked him down.

The judge ruled that the witness was hostile and over the objections of the defendants permitted counsel for the plaintiff to ask Quinn if he had not made certain statements to Officer Toomey, namely, "Florence was on the bar. She told me to get out. Carl grabbed me by the neck and seat of the pants and threw me out. I did not hear Florence say anything to Carl, to throw me out. I was in there five to ten minutes. I was drinking in Boston before I came over there. I was drunk. I remember everything that happened. I saw Carl coming at me. He went right to the door and threw me out. I struck the man with my front— with my chest and body. The two of us fell to the ground." It does not appear that Quinn answered this question.

Counsel for the defendants asked to see the statement which had been used in the plaintiff's examination of Quinn, but did not use it in his examination; whereupon the plain-

tiff offered it as an exhibit and it was admitted over the defendants' objections. The record does not disclose that any exception was saved either to the admission of the question to Quinn or to the subsequent admission of the statement. Objection is not exception and presents no question of evidence. *United States Fid. & Guar. Co.* v. *Sheehan,* 308 Mass. 321, 325, and cases cited.

The following interrogatories by the defendants to the plaintiff and his answers thereto were admitted and read by the plaintiff, subject to the exceptions of the defendants. Question 13, "What was the condition of your intestate as to sobriety at the time of the alleged accident?" Answer, "He was sober." Question 4, "State the name and address of the agent, servant or employee of the defendant that you allege caused Quinn to be thrown, pushed, or hurled through the defendant's door." Answer, "Carl S. Garland, 95 Magazine Street, Cambridge." No part of the plaintiff's answers had been introduced by the defendants and these interrogatories and answers were improperly admitted (see G. L. c. 231, § 89; *DiAngelo* v. *United Mkts. Inc.* 319 Mass. 143, 146) but their admission did not prejudice the defendants. There appears to have been no evidence that the deceased was not sober and certainly evidence that someone other than an employee of the cafe ejected Quinn was not harmful.

There was no error in refusing to direct verdicts for the defendants or for either of them. While the evidence that Quinn was ejected by an agent or employee of the defendant corporation consisted only of admissions by Mrs. Beliauskas, it was sufficient to warrant a finding that the bartender threw out Quinn acting under her instructions. It could be found that the ejectment of an intoxicated person from a place where liquor is served is not uncommonly accompanied by the use of force and that its employment by Goodwin was to be expected and within the scope of his employment. It further could be found that its excessive use constituted negligence for which both defendants were liable. See *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass.

44, 47; *Curran* v. *Dorchester Theatre Co.* 308 Mass. 469,
472; *Cowan* v. *Eastern Racing Assn. Inc.* 330 Mass. 135,
145; Restatement, Agency, § 245.

*Exceptions overruled.*