Forte, J.
This is an action in contract and tort wherein the plaintiff seeks recovery for the damages to her motor vehicle and for loss of use of said vehicle.
There was evidence through the plaintiffs only witness, her husband-doctor, that as her agent a contract was entered into with the defendant whereby the defendant was to have the plaintiffs motor vehicle driven from Florida to Swampscott, Mass. One clause in said contract reads in part:
*81 "... Driveaway disclaims any liability for any mechanical breakdowns or structural defects or occurrences and damages arising therefrom, except as provided in Item 55 of our Tariff MF ICC No. 9.”
Another clause reads:
“... Driveaway will route vehicles from origin to destination by a suitable route of travel within carrier’s discretion, and does not agree to any specified routing or mileage....”
The witness further testified that the vehicle was operating in a satisfactory manner before control was delivered to the defendant on April 11,1980; that after he arrived in Massachusetts, he received a telephone call that the vehicle was in Tallahassee, Florida, requiring mechanical repairs; arrangements were made for repairs which were paid, and the vehicle was delivered approximately eleven (11) weeks late.
Over objections of the defendant, the witness, not having seen at any time the vehicle in its “damaged” state, was allowed to testily as to the cost of repairs, introduce a repair bill and charge card receipt pursuant to G.L.c. 233, § 78, and the cost of substitute transportation.
Over the defendant’s objections, the plaintiff introduced the plaintiffs answers to interrogatories #2,3,5 and 9 which in summary state the plaintiffs version as to how the incident occurred, her financial losses, the damaged parts and how she claims the defendant was negligent.
At the close of the evidence, the defendant submitted a motion for a “directed finding” pursuant to MassrR. Civ. P., Rule 50.
The court found for the plaintiff and awarded damages.
Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(a) the defendant preserved its appeal upon its objection to admission into evidence of the following:
a. permitting the plaintiffs husband to testify as to the cost of repairs;
b. the plaintiffs introduction of the repair bill;
c. the plaintiffs introduction of a credit card receipt;
d. the plaintiffs introduction of the plaintiffs answers to interrogatories propounded by the defendant.
The defendant is aggrieved by the denial of its Mass. R. Civ. P. Rule 50 motion, and by the above evidentiary rulings.
There was error.
1. Massachusetts Rules of Civil Procedure do not apply to the District Courts. The District Courts are governed by the District/Municipal Rules of Civil Procedure. Dis./Mun. Cts. R. Civ. P. specifically state Mass. R. Civ. P. Rule 50 was not adopted and is inapplicable to District Court procedure. Therefore, there was no error in denying said motion.
However, treating substance over form, Fabrizio v. U.S. Susuki Motor Corp. 362 Mass. 873 (1972), a motion for a directed verdict will be treated in a non-jury trial as a motion for an involuntary dismissal pursuant to Dist./Mun. Cts.R. Civ P., Rule 41 (b) (2). Madden v. Malmart Mortgage Co. Inc. 1984 Mass. App. Div. 239.
In the instant case, the defendant was a bailee for hire; the motor vehicle was delivered to the bailee in good condition, the bailee has exclusive control when the car was damaged, and the bailee failed to redeliver the car in good condition. Under such circumstances, “the burden of proof is irrevocablyfixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property’s loss or destruction. Our holding extends to all bailment for hire cases, whether brought in tort or contract, in which the bailee has exclusive control over the property at the time the property was destroyed or damaged.” Knowles v. Gilchirst Co. 362 Mass. 642, 652 (1972).
*82 Because the defendant offered no evidence, there was no error in denying the motion.
’ 2. Evidentiary rulings:
a. It was error to permit the husband to testify as to the repairs. He never saw the vehicle after the damage and any information he had concerning the damage was hearsay.
b. It was error to permit a repair bill into evidence. “A plaintiff entitled to recover for damage to his vehicle ... may recover damages as measured by the diminished value of the chattel caused by the defendant’s tortious conduct, with reasonable cost of repair as some evidence thereof.” MPS,Vol. 11, Martin and Hennessey, § 301. There was no evidence that this bill was reasonable, therefore it was error to admit it.
c. Even though the repair bill was paid as evidenced by the credit card receipt, it was error to admit this into evidence for the same reasons as given above for the repair bill.
d. Although G.L.c. 231, § 61 and Dist/Mun. Cts. R. Civ. P., Rule 33 permits the filing of interrogatories, G.L.c. 231, § 89 controls the use of answers to interrogatories at trial. With the exception of completeness if the interrogating party introduces an answer, a party interrogated “shall in no way avail himself of his examination or of the fact he has been examined.” G.L.c.. 231, § 89. Since the defendant did not introduce any part of the plaintiffs answers to interrogatories, it was improper to permit the plaintiff to introduce her own answers. Thompson v. Beliauskas, 341 Mass. 95, 98 (1960):
There being prejudicial error, the finding is vacated and the case is returned to the trial court on the issue of damages only.