COMMONWEALTH *vs.* WILLIAM P. FOLEY.

Middlesex. September 21, 1970. — November 2, 1970.

Present: SPALDING, CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Practice, Criminal*, Appeal. *Arrest. Search and Seizure. Evidence*, Hearsay, Admitted without objection.

The record in a criminal case tried under G. L. c. 278, §§ 33A–33G, disclosed no substantial risk of a miscarriage of justice in a refusal by this court to consider assignments of errors not based on exceptions taken at the trial. [236]

All the information which a police detective without a warrant possessed when he arrested the defendant in a criminal case at a bank immediately after he had handed some stolen interest coupons and bonds to a clerk for deposit in a particular account, including information given to the detective by a State police officer respecting the opening of the account and a deposit of the coupons to be made therein, gave the detective probable cause to arrest the defendant, and the arrest was lawful and seizure of an altered motor vehicle license discovered on the defendant during the ensuing search was not illegal. [237]

Failure of a defendant charged with receiving stolen interest coupons to

object at his trial to hearsay evidence, the only evidence introduced to prove that the coupons had been stolen, constituted a waiver of his right to confront witnesses, and such evidence was entitled to its full probative force and precluded direction of a verdict for the defendant. [237]

COMPLAINT received and sworn to in the District Court of Somerville on August 16, 1968.

INDICTMENT found and returned in the Superior Court on September 5, 1968.

On appeal to the Superior Court in the earlier case, the cases were tried before *McLaughlin,* J.

*Reuben Goodman* for the defendant.

*Terence M. Troyer,* Assistant District Attorney, for the Commonwealth.

SPIEGEL, J. The defendant was convicted on a complaint charging him with being in possession of an altered motor vehicle license. He was also convicted on two counts of an indictment. The first count charged him with buying, receiving or aiding in the concealment of twenty-eight interest coupons, the property of The First National Bank of Boston. The second count charged him with buying, receiving, or aiding in the concealment of two United States Treasury bonds, the property of one Raco [*sic*] Theodore. The cases were tried under the provisions of G. L. c. 278, §§ 33A–33G, and are here on appeal. Although the defendant filed eleven assignments of error, he argued only four of them. Of course, those not argued are deemed waived. Only two of the assignments argued are based on exceptions taken at the trial.

We summarize relevant portions of the evidence. Joseph Gibbons, a detective of the Boston police department, was investigating the loss of seven bags of mail which on June 4, 1968, were stolen from a truck en route to an office of The First National Bank. Included in these bags were the twenty-eight interest coupons referred to in the indictment. During the course of and as a result of the investigation, Gibbons went to the area of Isabella Street in Boston looking for one Ugo Saitto, whom he wanted to question about

stock certificates which Saitto had allegedly attempted to use as collateral for a loan. He was unable to locate him whereupon he went to the defendant, who managed the apartment building where Saitto lived. The defendant told Gibbons that he would be glad to send Saitto to see him. Subsequently, the defendant brought Saitto to the police station at which time Gibbons questioned Saitto about the stock certificates as well as the missing coupons. Saitto spoke little English, whereupon the defendant acted as interpreter. Before the interview ended Gibbons stated to the defendant, "I think that you know a little more about this than what you people are telling me. In fact, that both of you do. . . . I hope that you are not foolish enough to try to move any of this stuff because we have tried to notify all transfer agents and all people that we knew who had sent in securities, that a warning had been put out to the various banks all over the country on this."

Several weeks later Gibbons was informed by Lieutenant Daley of the State police that someone had opened an account in the name of Reiko Theodore at the Middlesex County National Bank. No one named Reiko Theodore lived at the address which had been given. On July 18, 1968, Daley told Gibbons that someone would attempt that day to make a deposit of the missing coupons in the Theodore account. Gibbons did not conduct an independent investigation of Daley's "tip," nor did he know the basis of Daley's information. He went to the bank and waited there until the defendant entered and handed a clerk some coupons and two United States Treasury bonds to deposit in the Theodore account. The defendant identified himself to the clerk as Joseph Russo. Gibbons then arrested the defendant without a warrant and searched him. During the search, an altered motor vehicle license was discovered. The defendant told Gibbons that he carried the altered license because his license had been suspended and he needed it to drive his children to school.

At the trial an assistant vice-president of the bank testified that he had identified the coupons as those that were

missing by checking their numbers with the individual depositors. The bonds were identified by one Philip Theodore, who testified that they had been stolen from his father, Reiko Theodore of Manchester, New Hampshire, in April of 1968.[1]

At the outset we comment regarding the assignments based on alleged errors to which no exceptions were taken at the trial. The defendant asks us to consider these assignments and cites our opinion in the case of *Commonwealth* v. *Freeman*, 352 Mass. 556, 564. That case, however, is readily distinguishable from the cases at bar. As we stated in our opinion in that case, "The test is whether there is a substantial risk of a miscarriage of justice." We have reviewed the entire record and are of opinion that there is no such risk in the instant cases. For us to consider alleged claims of error in cases where no exceptions were taken would deprive the trial judge of the opportunity to reconsider his ruling. It would make a shambles of our trial procedure to consider such assignments of error except in rare and unusual circumstances.

We feel impelled to voice our disapproval of the constantly growing practice of certain counsel arguing alleged errors of the trial judge where no exceptions were taken. Many of the arguments border on the specious and impose an unnecessary burden on this court. As we have held many times before, "an assignment of error not based on an exception brings nothing to this court for review." *Commonwealth* v. *Myers*, 356 Mass. 343, 346.

In the instant cases we discuss only those two assignments in which exceptions to an alleged error were taken. The first assignment relates to the judge's refusal to suppress certain evidence obtained as a result of the arrest of the defendant. The defendant contends that the altered motor vehicle license found in the search was seized illegally and

---

[1] There was testimony by the defendant that on the day of his arrest Saitto was in the hospital and that he was making the deposit as a favor to Saitto. He said he had attempted to locate Saitto and have him testify at the trial but was unsuccessful. The defendant also said that he had been known by the name of Joseph Russo for approximately six years.

should have been excluded on the ground that the arrest was made without probable cause. We do not agree.

We are of opinion that on the basis of *all* of the information available to Gibbons, including the information given to him by Lieutenant Daley, there were sufficient grounds to support a finding that Gibbons had probable cause to believe in the defendant's guilt. Therefore there was no error in refusing to suppress the altered motor vehicle license found in the search. In so far as the coupons and bonds are concerned they were not even "developed" as a result of the search, but had been delivered by the defendant to an employee of the bank.

The other assignment is based on the denial of the defendant's motion for a directed verdict. He maintains that the only evidence that the coupons which he attempted to deposit were the stolen coupons is the bank official's testimony that depositors had told him they had not been credited with the coupons they deposited. He argues that because this evidence is hearsay it is not sufficient to prove that the coupons were stolen, even though no objection was raised at the trial to the introduction of this evidence. We do not agree. By failing to object the defendant has waived his right to confrontation. As we said in *Peterson, petitioner,* 354 Mass. 110, 116, "Where hearsay evidence is admitted without objection it is entitled to its full probative force."

*Judgments affirmed.*