COMMONWEALTH *vs.* WARREN DURHAM, JR. December 3, 1970. The defendant appeals his convictions at a trial subject to G. L. c. 278, §§ 33A–33G, on two counts of an indictment charging assault and battery by means of a dangerous weapon. The first count specified, "to wit: a shoe, the said shoe being then worn upon . . . [the defendant's] foot." The only argued assigned errors are not based on exceptions. For want of exceptions the assignments bring nothing to us. *Commonwealth* v. *McCauley*, 355 Mass. 554, 558.

*Commonwealth* v. *Foley, ante*, 233, 236. We have nevertheless examined the main and supplemental charges of the judge which allegedly inadequately instructed on the meaning of "a dangerous weapon" as applied to the first count and conclude that in the context of the trial the instructions were intelligible and adequate. See *Commonwealth* v. *Farrell*, 322 Mass. 606, 614–615. There was evidence that the defendant had stomped on the female victim's hands and fingers and beat her with a rubber hose for one half hour at which time she yielded to his demand that she work for him as a prostitute.

*Judgments affirmed.*

The case was submitted on briefs.

*Reuben Goodman & Steven R. Rubenstein* for the defendant.

*Garrett H. Byrne*, District Attorney, *William J. Doyle*, Assistant District Attorney, *Alvan Brody & Elizabeth M. Casey* for the Commonwealth.