COMMONWEALTH *vs.* ZOILO CONCEPCION.

Hampden.    September 12, 1972. — December 1, 1972.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Practice, Criminal,* Appeal; Exceptions: failure to save exception. *Evidence,* Hospital record.

On an appeal under G. L. c. 278, §§ 33A–33G, an assignment of error which was not based on an exception brought nothing to this court for review; nevertheless, this court, although not required to do so, had the power ·to review the question presented. [654]

At the trial of indictments charging forcible imprisonment, assault with intent to commit rape, and rape, a hospital record which showed the following: (a) under the heading "Nature of Illness" the words "? Assaulted – ? Raped"; (b) under the heading "History and Physical Exam" the words "History of recent rape" and (c) under the heading "Diagnosis" the word "? Rape" was sufficiently related to treatment and medical history so that its admission in evidence under G. L. c. 233, § 79, did not constitute an abuse of discretion [654, 655]; nor was the record rendered inadmissible by reason of its relating to the question of liability, because any relation of the record to the question of liability was merely incidental to the patient's medical history [655–656].

INDICTMENTS found and returned in the Superior Court on November 10, 1970.

The cases were tried before *Noonan, J.*

*Robert V. Greco* for the defendant.

*John T. McDonough,* Assistant District Attorney, for the Commonwealth.

TAURO, C.J.    The defendant appeals (G. L. c. 278, §§ 33A–33G) from convictions on indictments charging him with forcible imprisonment, and assault with intent to rape and rape, of the seventeen year .old victim (victim). The victim testified that she was kidnapped and

raped on the night of October 11, 1970. The defendant admitted that he had entertained the victim at his apartment while another woman was present but denied having sexual intercourse with her. After relating the story of the attack to her mother and sister and later to the police in the early hours of October 12, 1970, the victim was examined at Wesson Memorial Hospital.

The hospital record contains the three following notations: (a) under the heading "Nature of Illness" appear the words "? Assaulted — ? Raped"; (b) under the heading "History and Physical Exam," appear the words "History of recent rape"; and (c) under the heading "Diagnosis" appears the notation "? Rape." The sole alleged error argued by the defendant is the admission of the hospital record with these notations. When the record was offered in evidence the defendant made no objection and saved no exception to its admission. To be entitled to review by appeal under G. L. c. 278, §§ 33A–33G, "[t]he first and essential step is the taking of an exception. Without that first step, the second step of filing an assignment of errors cannot be taken. An . . . assignment of errors not based upon an exception cannot be treated as rightly presented to the full court." *Commonwealth* v. *McDonald,* 264 Mass. 324, 336. "An assignment of error has no standing unless based upon an exception." *Commonwealth* v. *Theberge,* 330 Mass. 520, 527. Therefore, since the defendant's sole "assignment of error [is] not based on an exception [it] brings nothing to this court for review," *Commonwealth* v. *Myers,* 356 Mass. 343, 346, and "we do not take cognizance of [it]." *Commonwealth* v. *Kiernan,* 348 Mass. 29, 33. *Commonwealth* v. *Foley,* 358 Mass. 233, 236. *Commonwealth* v. *Underwood,* 358 Mass. 506, 509. However, we have the power to review on the merits an assignment of error where no exceptions have been saved, but this power is only exercised when there exists a substantial risk of miscarriage of justice. *Commonwealth* v. *Freeman,* 352 Mass. 556, 564. No such risk exists here. Thus, although not required to do so, we have examined the record on

appeal in this case and conclude that no error in fact was committed by the trial judge's admission of the hospital record in evidence.

General Laws c. 233, § 79, as amended through St. 1959, c. 200, provides in part: "Records kept by hospitals, dispensaries or clinics, and sanatoria . . . shall be admissible . . . as evidence in the courts of the commonwealth so far as such records relate to the treatment and medical history of such cases . . . but nothing therein contained shall be admissible as evidence which has reference to the question of liability." The defendant argues that the admisison of the portions of the hospital record outlined above constituted error on two grounds. He asserts that (a) the notations on the hospital record contained improper opinion evidence and that (b) they had reference to the question of liability.

We think that the first ground is ill-founded. The use of question marks to preface the doctor's notations tends to indicate that he had not yet formed an opinion of the victim's condition. Actually the hospital record raised a question as to the truth and accuracy of the victim's complaints. The statute states that the record must "relate to the treatment and medical history" of the person examined. The hospital record was made by the examining physician. It indicated certain medical procedures he had followed and made a notation of the laboratory test he directed to be completed.[1] The doctor's tentative opinion is sufficiently related to the treatment and medical history so that it cannot be said that its admission constituted an abuse of discretion.

The defendant asserts that the hospital record had reference to the question of liability and therefore should not have been admitted under the statute. In *Commonwealth* v. *Franks,* 359 Mass. 577, 579, we said: "Our decisions have demonstrated liberal interpretation of the statute in the admission of hospital records. G. L. c. 233, § 79." This court has construed the statute to require

---

[1] The hospital record does not disclose the results of the laboratory test.

that "a record which relates directly and mainly to the treatment and medical history of the patient, should be admitted, even though incidentally the facts recorded may have some bearing on the question of liability." *Cowan* v. *McDonnell*, 330 Mass. 148, 149, quoting *Leonard* v. *Boston Elev. Ry.* 234 Mass. 480, 483.

In the *Franks* case we upheld the admission of a hospital record containing the following notation: "[the victim's name] Assault Case 3274 6/18/69 (Taken 6/16/69) Dr. Klein Smear: occ. Sperm seen Saline: occ. Sperm seen Culture: negative." We held "[t]he contested record contains only medical facts as of the date of examination on June 16, 1969, therefore, the record can be construed as part of the 'medical history' of the patient . . . ." 359 Mass. at 580. If the notations relate to liability at all, we believe that they do so only incidentally to the medical history and thus their admission does not require reversal.

*Judgments affirmed.*