COMMONWEALTH *vs.* ALBERT LOMBARDO
(and a companion case[1]).

Norfolk. October 15, 1973. — June 28, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Identification. Bail. Practice, Criminal,* Sequestration of witnesses; Appeal; Exceptions: failure to save exception; Bail. *Evidence,* Photograph.

In criminal cases arising from a shooting, nothing suggestive appeared in the process of identification of the defendants by the victim of the shooting from photographs shown to him while he was in a hospital shortly after the shooting. [389]

Sequestration of witnesses at a criminal trial lies in the discretion of the judge. [389-390]

No prejudice to the defendants in a criminal case appeared in action of the judge under G. L. c. 276, § 58, as amended through St. 1970, c. 499, § 1, in increasing the defendants' bail during trial. [390-391]

---

[1] Commonwealth *vs.* Kenneth J. Viera.

There was no error at a criminal trial in admitting photographs in evidence without the photographer being called to testify where witnesses testified that the photographs were fair representations. [391]

The record in a criminal case disclosed no substantial risk of a miscarriage of justice impelling this court to review assignments of error not based on exceptions taken at trial. [391-392]

INDICTMENTS found and returned in the Superior Court on June 4, 1970.

The cases were tried before *Ford, J.*

*Raymond J. Daniels*, of Rhode Island, for the defendant Viera.

*Howard K. Simmons*, of Rhode Island, for the defendant Lombardo.

*John P. Connor, Jr.*, Assistant District Attorney, for the Commonwealth.

GOODMAN, J.    These are appeals under G. L. c. 278, §§ 33A-33G, by Lombardo from his convictions on indictments charging assault with intent to murder, being armed with a dangerous weapon, and unlawful possession of a weapon, and by Lombardo and Viera (convicted of the same offenses at the same trial) from denials of their motions for a new trial. The following summarizes the trial and the evidence and inferences therefrom. On April 11, 1970, at about 10:00 P.M. one Kevin George, then an M. I. T. student, while hitchhiking was given a ride in a hearse with five occupants — four men and a woman — including the defendants Lombardo and Viera. After ten or fifteen minutes George was let out and as he alighted was shot in the back of the head. A passing motorist took him to a hospital. Before he was operated on, an officer of the State police spoke to him. In the early morning the Providence, Rhode Island, police apprehended the defendants and another in a hearse (apparently an alarm had been broadcast), and the State police officer then went to Providence where, at about 5:30 in the morning, he interviewed the defendants and viewed the hearse. He saw the two plastic baskets

of laundry which the victim had noted while in the hearse and questioned the defendants (after having warned them in accordance with the *Miranda* case) as to their whereabouts that evening. They told the officer that they had left Providence for Lowell at about 8:00 P.M. and left Lowell at about 2:00 A.M.

At the trial the victim identified the two defendants. No motion to suppress or motion to strike was made, and no objection or exception was taken to the identification testimony. Defense counsel instead attacked the identification on cross-examination (see *Commonwealth* v. *Underwood*, 358 Mass. 506, 509-510 [1970]), questioning the victim about the lighting conditions and other factors bearing on his ability to recognize the defendants. The defense also elicited from the State police officer that the victim had identified the two defendants from photographs shown to him two days after the incident while he was at the hospital and introduced the eighteen photographs shown to the victim. Nothing in their presentation or in the photographs themselves, which we have examined, appears to be suggestive. See *Commonwealth* v. *Ross*, 361 Mass. 665, 674-675 (1972). See also *Commonwealth* v. *Frank*, 357 Mass. 250, 251-252 (1970). Indeed, from the testimony of the victim, it appears that the police were scrupulously careful to avoid any suggestion.

One of the occupants of the hearse that night testified for the prosecution that it was Lombardo who had shot George while he was leaving the hearse. He also testified that earlier Lombardo had said, "Everybody who comes will shoot somebody," and that Viera had said, "I'm with you." Viera had supplied the bullets and loaded the gun. Lombardo presented a number of witnesses, including his wife and friends, who placed him in Rhode Island during the entire evening in question.

The defendants filed motions for directed verdicts which were denied and are not here pressed. During the trial the court acted on two other motions. One was the

defendants' motion to sequester — denied as a matter of discretion. *Commonwealth* v. *Blackburn*, 354 Mass. 200, 205 (1968). *Commonwealth* v. *Barnes, ante,* 357, 361-362 (1974). There was no abuse. The second was a motion by the Commonwealth to "revoke" bail. This motion, made at the end of the third day of trial and while the prosecution's last witness was being cross-examined, was denied. The trial judge stated that he did not find any substantial change in circumstances from the time bail was originally set, when (as he indicated) the prosecution had essentially the same information it produced at trial. At the end of the following day after the Commonwealth had rested and while the second witness called by the defendant Lombardo was being cross-examined, the Commonwealth renewed its motion to "revoke" bail. Treating it as a motion to increase bail (see *Commonwealth* v. *Roukous, ante,* 378, 381-382 [1974] and material cited), the trial judge thereupon increased the defendants' bail, and they remained in custody during the last two days of trial. The court had power thus to increase bail. G. L. c. 276, § 58, as amended through St. 1970, c. 499, § 1.[2] The defendants made no attempt to obtain review in the Supreme Judicial Court. G. L. c. 276, § 58, last paragraph, as amended through St. 1970, c. 499, § 1, effective during the trial in this case. See now G. L. c. 276, § 57, and other material cited in *Commonwealth* v. *Roukous, supra,* at 381-382. We do not review any such determination except possibly in connection with a claim of prejudice (in support of a motion for mistrial or other appropiate relief; see *Commonwealth* v.

---

[2] As so amended, § 58 provided that "the amount of any recognizance shall not be increased, nor shall any additional surety be required, unless the person making such recognizance shall default thereon or unless the court in its discretion determines that changed circumstances or other factors not previously considered by the court make the present recognizance insufficient to reasonably assure the presence of the defendant . . . ." Section 58, fifth paragraph, as most recently amended by St. 1971, c. 473, § 1, contains substantially the same proviso.

*Roukous, supra,* at 382, fn. 6) arising after the determination was made and not contemplated by it. We find no such prejudice in this case.

Defense counsel did indeed represent to the trial judge, after the recess following the charge to the jury, that Lombardo's mother and sister had told him that Lombardo had been seen by the jury in handcuffs that morning while entering the court room; but that was disputed by officers who had custody of the defendants. After some discussion in which the trial judge offered to recall the jury from its deliberations and instruct them further, counsel for the defendants agreed that the matter be dropped. No motion for a mistrial was made. Further, the jury had been charged that "[t]he fact that a person is in custody, or is charged with crime . . . is not even the slightest evidence of his guilt . . .."

The defendants' brief argues nineteen assignments of error combined under seven headings. The only assignment based on an exception (without which an assignment of error has no standing; *Commonwealth* v. *Concepcion,* 362 Mass. 653, 654 [1972]) taken at the trial argues error in the admission of photographs of the exterior and interior of the hearse on the ground that the photographer was not called to testify. But the photographs were introduced upon the testimony of the State police officer that they were fair representations of what he had seen at the Providence police station. The victim had likewise testified without objection that they were fair representations of the hearse. It was therefore not error for the court to admit the photographs without calling the photographer. *McKarren* v. *Boston & No. St. Ry.* 194 Mass. 179, 181 (1907). See *Commonwealth* v. *Kelley,* 1 Mass. App. Ct. 441, 444 (1973). Leach and Liacos, Handbook of Massachusetts Evidence, pp. 289-290.

Some of the defendants' contentions, though not based on exceptions, have been disposed of by what we have said above. See *Commonwealth* v. *Lauria,* 359 Mass.

168, 172 (1971); *Commonwealth* v. *Concepcion, supra,* at 654-655. We need not discuss others which were never brought to the trial judge's attention either by objection or exception. The defendants urge that we should adopt the equivalent of Rule 52(b) of the Federal Rules of Criminal Procedure and take note of "plain errors or defects affecting substantial rights," though not called to the trial judge's attention. The Supreme Judicial Court has held that "the test is whether there is a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967), quoted in *Commonwealth* v. *Foley,* 358 Mass. 233, 236 (1970). As in the *Foley* case, "We have reviewed the entire record and are of opinion that there is no such risk in the instant cases." *Ibid.* There are "no compelling considerations of justice here which incline us to review th[ese] assignment[s] of error." *Commonwealth* v. *Morrow,* 363 Mass. 601, 610 (1973). Cf. *Commonwealth* v. *Franks,* 365 Mass. 74, 76, 82 (1974). We observe, from our examination of the record, that the contentions made are not borne out by the transcript or are devoid of legal merit, or both. See *Commonwealth* v. *Moore,* 359 Mass. 509, 513 (1971).

The defendants' assignments alleging error in the denial of their motions for a new trial purport to have the same "factual and legal basis" as the other assignments of error argued. No newly discovered evidence was alleged and various assertions, made apparently for the first time in the brief, with reference to the withholding of evidence by the prosecution are not borne out by the record before us. See *Commonwealth* v. *Connearney,* 359 Mass. 200, 205 (1971). The motions were properly denied. See *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 229 (1973).

*Judgments affirmed.*