COMMONWEALTH *vs.* KENNETH L. BARTON. December 10, 1974. The defendant appeals under G. L. c. 278, §§ 33A-33G, from a conviction of manslaughter following a jury trial on an indictment for second degree murder. There was evidence that at the time of the homicide the victim was tugging at the arm of a friend in order to persuade her to leave the defendant's apartment against the wishes and resistance of the defendant. Two men stood about five feet from the defendant on the opposite side of a kitchen stove. The defendant had drawn a pistol from a bureau and pointed it at the men while ordering them from the apartment. The pistol discharged killing the victim. At no time did any of those present threaten the defendant by word or gesture. Three of the defendant's assignments of error, not having been argued in his brief, are treated as waived. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). *Commonwealth* v. *Gliniecki*, 339 Mass. 464, 466 (1959). His remaining assignment of error challenges the trial judge's instruction to the jury on self-defense, claiming it to be incorrect and prejudicial. The assignment brings nothing before this court on review since no exception to the instruction was taken at trial. *Commonwealth* v. *Concepcion*, 362 Mass. 653, 654 (1972). But in the circumstances, we may review the assignment of error on the merits. If the judge's instruction was erroneous, we may consider whether the error warrants a reversal. The test is whether there is a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). *Commonwealth* v. *Concepcion, supra.* We need not confine ourselves to the particular passage cited by the defendant. *Commonwealth* v. *Aronson*, 330 Mass. 453, 457 (1953). We consider the impression created by the instructions as a whole, bearing in mind that much must be left to the discretion of the judge. *Commonwealth* v. *Pinnick*, 354 Mass. 13, 15 (1968). *Commonwealth* v. *Benders*, 361 Mass. 704, 707 (1972). While that portion of the charge which the defendant has challenged as erroneous might be regarded as misleading if taken out of context, we conclude that the instructions viewed in their entirety adequately informed the jury on the question of self-defense, and that there was, therefore, no reversible error. *Commonwealth* v. *Houston*, 332 Mass. 687, 690 (1955). *Commonwealth* v. *DeCaro*, 359 Mass. 388, 390 (1971). *Commonwealth* v. *Shaffer, ante,* 658, 660-662 (1974). We may

add that our review of the evidence indicates that there was no occasion for the judge to have instructed the jury on the question of self-defense.

*Judgment affirmed.*

*David M. Skeels* for the defendant.

*William A. Doherty,* Assistant District Attorney, for the Commonwealth.