COMMONWEALTH *vs.* ROBERT P. LEAVY. January 2, 1976. The defendant was convicted of rape and appeals pursuant to G. L. c. 278, §§ 33A-33G. His sole assignment of error relates to the introduction of "fresh complaint" testimony by the victim's mother and by a Massachusetts State police officer. Because this issue is not properly before us, we affirm the judgment of the Superior Court. Briefly, the jury could have found the following: The victim was taken to a secluded house and was raped by the defendant and others. She returned home after the incident, at nearly 5 A.M., in a hysterical and disheveled condition. She related what had occurred to her mother and later to a State police officer. At trial, the testimony of both the mother and the officer, as to both the fact of the complaint and the details, was admitted. No objection or exception was taken to the admission of this evidence. We have often stated that, "[i]n a case tried subject to G. L. c. 278, §§ 33A-33G, an assignment of error not based on an exception brings nothing to this court for review." *Commonwealth* v. *Myers,* 356 Mass. 343, 346 (1969), and cases cited. Accord, *Commonwealth* v. *McLeod,* 367 Mass. 500, 501-502 (1975); *Commonwealth* v. *Concepcion,* 362 Mass. 653, 654 (1972). The justification for this rule is amply set out in *Commonwealth* v. *Foley,* 358 Mass. 233, 236 (1970), and need not be repeated here. It is only in the rare case, where "there is a substantial risk of a miscarriage of justice," *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967), that we will depart from this rule. *Commonwealth* v. *Concepcion, supra. Commonwealth* v. *Foley, supra.* We have reviewed the entire record and conclude that there is no such substantial risk in this case.

*Judgment affirmed.*

*Kenneth Weiss* for the defendant.

*Daniel E. O'Malley,* Special Assistant District Attorney, for the Commonwealth.