COMMONWEALTH *vs.* NATHAN G. COOPER. February 23, 1976. The defendant was convicted in the Superior Court of armed robbery, breaking and entering, and assault and battery, and appeals pursuant to G. L. c. 278, §§ 33A-33H. The issues sought to be raised by his assignments of error pertain to the sufficiency of the trial judge's instructions to the jury regarding the Commonwealth's burden of proving guilt beyond a reasonable doubt, the jury's role as fact finder and the legal elements of the crimes charged. Although no formal exceptions to the charge were taken at trial by defense counsel, we are nonetheless urged to consider the matter because of the alleged constitutional question involved. At trial, the Commonwealth's two witnesses (the victims)

testified that the defendant and two others assaulted and robbed them at gunpoint in the college dormitory room of one of the victims at American International College in Springfield. The defendant, testifying in his own behalf, maintained that, although he and two companions had stolen some "hash" from the victims and ransacked the room, he did not have a gun nor did he assault them. The relationship between the saving of an exception and the right of review before this court is so firmly established in the appellate procedures of this Commonwealth in criminal cases, that "an assignment of error not based on an exception brings nothing to this court for review." *Commonwealth* v. *Myers,* 356 Mass. 343, 346 (1969). See also *Commonwealth* v. *Underwood,* 358 Mass. 506, 509 (1970); *Commonwealth* v. *Leavy,* 369 Mass. 963 (1976). However, a verdict or finding may be set aside in order to prevent "a substantial risk of a miscarriage of justice" even if there has been no proper objection at trial (*Commonwealth* v. *Freeman,* 352 Mass. 556, 564 [1967]; see also *Commonwealth* v. *McDonald,* 264 Mass. 324, 336 [1928]; *Commonwealth* v. *Conroy,* 333 Mass. 751, 757 [1956]; *Commonwealth* v. *Borges,* 2 Mass. App. Ct. 869, 870 [1974]), in certain "rare and unusual circumstances." *Commonwealth* v. *Foley,* 358 Mass. 233, 236 (1970). After careful analysis of the record, we are convinced that "[t]he record presents no substantial risk of a miscarriage of justice and no patent or prejudicial error," *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 (1975). *Commonwealth* v. *Myers, supra; Commonwealth* v. *Foley, supra.* There was ample evidence from which the jury could have found guilt beyond a reasonable doubt. In any event, we have examined the full text of the instructions on our own and have concluded that when viewed in its entirety (*Commonwealth* v. *Pinnick,* 354 Mass. 13, 15 [1968]; *Commonwealth* v. *Gilday,* 367 Mass. 474, 498 [1975]), the charge set forth adequate guidelines for the jury to follow.

*Judgments affirmed.*

*Daniel F. Featherston, Jr.,* for the defendant.

*John T. McDonough,* Assistant District Attorney, for the Commonwealth.