COMMONWEALTH *vs.* FRANK STOKES. June 25, 1976. The defendant's appeal (G. L. c. 278, §§ 33A-33G) on an indictment charging murder in the second degree (1) attacks the admission in evidence of a number of photographs and (2) contends that the trial judge's charge was biased. 1. The photographs taken by the police when they arrived at the scene of the homicide show the victim's body, lying face-up on the sidewalk, with a neck wound, next to a pool of blood and near a trail of blood. These photographs might well have been helpful to the jury in reconstructing the circumstances (including an evaluation of the defendant's claim of self-defense) under which the victim had received multiple knife wounds and which had begun with the meeting of the defendant and the victim in an apartment and had ended on the sidewalk a few houses away where the victim was found. See *Commonwealth* v. *Lee,* 324 Mass. 714, 718-719 (1949); *Commonwealth* v. *Lamoureux,* 348 Mass. 390, 392-393 (1965); *Commonwealth* v. *Stirling,* 351 Mass. 68, 71-72 (1966); *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 817 (1973); *Commonwealth* v. *Tarver,* 369 Mass. 302, 317-318 (1975). What has been said above and the cases cited also apply to the photographs taken at the autopsy which show the exact location of the various wounds. See *Commonwealth* v. *Jones,* 319 Mass. 228, 229 (1946); *Commonwealth* v. *Bjorkman,* 364 Mass. 297, 302-303 (1973). Neither the photographs at the scene nor those taken at the autopsy are sufficiently incitive to call for our intervention. *Commonwealth* v. *Chalifoux, supra.* It is clear there was no abuse of discretion. See *Commonwealth* v. *Bys,* 370 Mass. 350, 357-361 (1976). 2. The defendant took no exception to the charge. A reading of the whole charge and the transcript indicates no occasion for the application of *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967), as urged by the defendant. *Commonwealth* v. *Lombardo,* 2 Mass. App. Ct. 387, 392 (1974).

*Judgment affirmed.*

The case was submitted on briefs.

*Robert S. Potters* for the defendant.

*Garrett H. Byrne,* District Attorney, & *Kathleen M. Curry,* Assistant District Attorney, for the Commonwealth.