CATHERINE WRENN, administratrix, *vs.* CAROLA DOMAR. February 9, 1977. This appeal raises as the sole issue the question whether there was any combination of circumstances in the evidence from which the jury could have found that the plaintiff's intestate's death was caused by the defendant's negligence. *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302 (1943). There was evidence from which the jury could have found, among other things: that the decedent's car had gone out of control while traveling westerly on Route 2 and had come to rest in a crosswise position in the outermost eastbound lane; that there was no car in the road for a distance of 1,000 feet westerly of the point where the decedent's car had come to rest; that a driver of an eastbound vehicle would be facing a bright, early morning sun; that the defendant's speed was excessive in the circumstances; and that the defendant should have seen the decedent's car in time to have avoided hitting it. "There is nothing in this case to take it out of the rule that ordinarily where a collision occurs between travelers on a highway the issue as to negligence is for the ... [jury]." *Nash* v. *Heald,* 306 Mass. 518, 520 (1940).

*Judgment affirmed.*

*John Arthur Johnson* for the defendant.
*Irving H. Sheff (Holland W. Hazen* with him) for the plaintiff.


COMMONWEALTH *vs.* WARREN DURHAM. February 9, 1977. Following a jury waived trial the defendant was convicted on two counts of an indictment which charged assault and battery with a dangerous weapon and on another indictment which charged him with deriving support and maintenance from the earnings of a prostitute. He has appealed pursuant to G. L. c. 278, §§ 33A-33G. As the assigned errors argued here are not based upon any exceptions taken at trial, they bring nothing to the court for review. *Commonwealth* v. *Foley,* 358 Mass. 233, 236 (1970). *Commonwealth* v. *Durham,* 358 Mass. 808 (1970). *Commonwealth* v. *Cooper,* 4 Mass. App. Ct. 782 (1976). The defendant has requested, however, that we examine the evidence to determine whether there "is a substantial risk of a miscarriage of justice" to justify setting aside the findings. *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967). *Commonwealth* v. *Borges,* 2 Mass. App. Ct. 869, 870 (1974). We have reviewed the entire record and are of the opinion that there is nothing to suggest the possibility of any such risk in this case.

*Judgments affirmed.*

*Barry C. Abelson* for the defendant.
*Richard A. Hannaway,* Assistant District Attorney, for the Commonwealth.