Following a jury trial, the defendant, Michael D. Samson, was convicted of operating while under the influence, fourth offense, and operating a motor vehicle after his license to operate was suspended or revoked, subsequent offense.[2] On appeal, the defendant claims that there was insufficient evidence that he operated the motorcycle while under the influence of alcohol, and that the trial judge abused his discretion in permitting the Commonwealth to introduce rebuttal testimony. We affirm.
1. Sufficiency of the evidence. The defendant claims that, as to the charge of operating while under the influence, his motion for a required finding of not guilty at the close of the Commonwealth's case was improperly denied.[3] We review to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). We discern no error.
As to the element of operation, the Commonwealth may prove its case entirely by means of circumstantial evidence. See Commonwealth v. Peterson, 67 Mass. App. Ct. 49, 52 (2006). Here, the Commonwealth presented a sufficient circumstantial case. Upon arrival at the scene shortly after a call for a possible motorcycle accident, officers found the defendant, who was wearing a motorcycle jacket, leaning against a fence approximately thirty feet from a motorcycle lying in the road at an intersection. No one else was in the area. The defendant admitted ownership of the sunglasses found under the running board of the motorcycle, and a motorcycle helmet found between him and the motorcycle. After officers asked the defendant to wait, he fled, ultimately attempting to conceal himself under a pickup truck nearby. This latter evidence permitted an inference of the defendant's consciousness of guilt which, while not conclusive, was sufficient in combination with the other evidence in the case to prove that the defendant had operated the motorcycle. See Commonwealth v. Smith, 368 Mass. 126, 129 (1975) ; Commonwealth v. Geisler, 14 Mass. App. Ct. 268, 274-275 (1982).
Similarly, the Commonwealth need not produce direct evidence that a defendant was impaired by the use of alcohol when operating a vehicle. See Commonwealth v. Hilton, 398 Mass. 63, 66-67 (1986). Here, the Commonwealth presented evidence that the defendant smelled of alcohol, and had bloodshot, glassy eyes which were "nearly shut." His speech was slurred and he walked in a "staggering," unsteady manner, ultimately requiring assistance in entering the police cruiser in order to be transported for booking. Furthermore, the "manner in which the [motorcycle] was parked ... was evidence that it may have been driven by a driver under the influence of alcohol." Id. at 68. The defendant's motion for a required finding was properly denied.
2. Rebuttal evidence. The defendant argues that the trial judge abused his discretion by permitting the Commonwealth to introduce certain rebuttal evidence. Specifically, the defendant challenges the introduction of a police officer's testimony as to the defendant's son's decision not to file a formal statement regarding his claim that he, and not the defendant, was the operator of the motorcycle at issue on the night of the defendant's arrest.[4]
Even assuming (without deciding) that admission of the testimony was erroneous, no prejudice resulted, as the challenged testimony was entirely cumulative of that of the defendant's son who, on cross-examination by the Commonwealth, agreed that he had not given a formal statement to the police. See Commonwealth v. Gliniecki, 339 Mass. 464, 469 (1959). This testimony was introduced without objection, and was explored and explained by the defendant on redirect examination.
Judgments affirmed.

After the jury returned guilty verdicts as to the underlying offenses, the defendant waived jury trial and pleaded guilty to having previously been convicted of operating a motor vehicle after his license was suspended or revoked, and having been convicted of operating while under the influence on three prior occasions.

Though the defendant did not renew his motion at the close of the defense case or at the close of the Commonwealth's rebuttal testimony, he nonetheless argues that the testimony of defense witnesses rendered the Commonwealth's evidence insufficient for conviction. Regardless, "[b]ecause the credibility of the defendant's witnesses and the weight of their testimony are issues for the jury to decide, the Commonwealth's case could not have deteriorated where the defendant's evidence at trial turned solely on the credibility of his witnesses." Commonwealth v. Platt, 440 Mass. 396, 404 (2003).

The officer further testified that, when questioned as to where he had purportedly left the motorcycle in the street, the defendant's son indicated a location a "significant distance" from where officers discovered the motorcycle and the defendant. The defendant does not argue on appeal that this portion of the testimony was improperly admitted.