## COMMONWEALTH *vs.* PATRICK FORAN.

A witness at the trial of an indictment for keeping a tenement for the illegal sale of intoxicating liquors having testified that he bought liquor from the defendant for the purpose of testifying against him, the judge instructed the jury that if the witness, for the purpose of betraying the defendant, induced him to commit a crime which he would not otherwise have committed, it should weigh, in the opinion of the court, against his testimony; but that if the witness, intending honestly to aid in breaking up an unlawful traffic, visited the place where the law was supposed to be violated for the purpose of obtaining evidence, it would not, in the opinion of the court, detract from the weight of his testimony. *Held*, that these instructions were a violation of the Gen. Sts. *c.* 115, § 5, as a charge "with respect to matters of fact."

INDICTMENT for keeping a tenement for the illegal sale of intoxicating liquors. At the trial in the Superior Court, before *Devens*, J., George E. Cutler, a witness for the Commonwealth, testified that he bought a pint of whiskey of the defendant for the purpose of testifying against him. His evidence was contradicted by the testimony of the defendant's witnesses, and the defendant's counsel argued to the jury that his testimony was not true, and that his confession that he bought the liquor with a view to testify against the defendant was a circumstance tending to discredit him.

The judge instructed the jury " that if they believed that the witness for the purpose of betraying another induced him to commit a crime which he would not otherwise have committed, this circumstance should weigh, in the opinion of the court, against his testimony, which should then be received with caution; that if, on the other hand, the witness, intending honestly to aid the government in breaking up a traffic forbidden by law, visited the place where the law was supposed to be violated for the purpose of obtaining evidence, it would not detract from the weight of his testimony in the opinion of the court; that the whole matter was however before the jury to give such weight to the testimony as

they saw fit; and that in determining the weight to be attached to the testimony of the witness, the motive actuating him might properly be considered by the jury."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*F. A. Gaskill,* ( *G. F. Verry* with him,) for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

MORTON, J.     The statute which provides that "the courts shall not charge juries with respect to matters of fact," prohibits the expression by the judge in his charge to the jury of his opinion as to the credibility of witnesses.     Gen. Sts. *c.* 115, § 5. *Commonwealth* v. *Barry,* 9 Allen, 276.     In the case at bar a witness for the government testified that he bought liquor of the defendant for the purpose of testifying against him.     The presiding judge instructed the jury that "if the witness, intending honestly to aid the government in breaking up a traffic forbidden by law, visited the place where the law was supposed to be violated, for the purpose of obtaining evidence, it would not detract from the weight of his testimony in the opinion of the court." We are of opinion that this instruction was erroneous.     Whether the circumstances under which the witness obtained evidence, and the motives under which he acted, would or would not detract from the weight of his testimony, was a question exclusively for the jury.     Although an instruction was added that "the whole matter was before the jury to give such weight to the testimony as they saw fit," yet the effect of the whole instructions was to throw the weight of the judge's opinion in the scales against the defendant.     This was a violation of the rule prescribed by the statute.                    *Exceptions sustained.*