COMMONWEALTH *vs.* PAUL A. DESMOND (and a companion case between the same parties). February 27, 1963. Judgments affirmed. The defendant was convicted on indictments charging the unlawful possession of heroin (G. L. c. 94, § 212) and the unlawful sale of heroin (G. L. c. 94, § 212A). His first assignment of error relates to the refusal of the judge to instruct the jury as follows: "The mere fact that a witness is a government employee does not, of and by itself, entitle his testimony to a higher degree of credibility than another witness." This was not error. Although evidence of bias or interest on the part of a witness is properly received to affect his credibility, a special instruction relating thereto would be a comment on a fragment of the evidence which the judge is not required to give. The factors bearing upon credibility are to be weighed by the jury and by them alone. The defendant argues further, in his second assignment of error, that the judge not only refused to give the instruction requested, but tended in his charge to indorse the credibility of the government witness. *Commonwealth* v. *Foran*, 110 Mass. 179. There was, however, no objection or exception to what the judge said in his charge; the defendant's single exception was to what the judge did not say. Consideration of the charge as a whole shows no reversible error.

*Lawrence D. Shubow* for the defendant.

*Joseph R. Nolan*, Assistant District Attorney, for the Commonwealth.