COMMONWEALTH *vs.* MILTON P. PINNICK.

Suffolk.   January 2, 1968. — March 6, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Practice, Criminal,* Charge to jury. *Evidence,* General objection to admission of evidence, Hostile witness, Leading question. *Witness,* Hostile witness.

On the record of a criminal proceeding for assault and battery by means of a dangerous weapon causing serious brain damage and ultimate death of the victim, there was no prejudicial error in a portion of the charge to the jury in which the judge pointed out that there was no "homicide case pending" because of the lapse of time between the assault and the victim's death [15], or in a portion of the charge, referring to testimony by a qualified neurologist, as to the "mental condition" of the victim in relation to an exclamation by him immediately after the assault [16].

At a criminal trial of two defendants, no error appeared as to one of them who, upon admission over his objection and exception of evidence clearly admissible against the other defendant, did not seek to have the application of the evidence limited to the other defendant. [16–17]

No error appeared at a criminal trial in a ruling that a witness for the
Commonwealth was hostile and so might be asked leading questions
on direct examination. [17]

INDICTMENT found and returned in the Superior Court
on March 7, 1967.

The case was tried before *Kalus*, J.

*William Lender* for the defendant.

*Thomas J. Mundy, Jr.*, Assistant District Attorney, for
the Commonwealth.

REARDON, J. The defendant was found guilty on an in-
dictment charging him with assault and battery by means
of a dangerous weapon. The trial was subject to G. L.
c. 278, §§ 33A–33G, and the defendant has appealed. We
have before us a summary of the record, a transcript of the
evidence, and assignments of error.

There was evidence that on April 21, 1966, Carmine
Restaino, fifty years of age and employed as a truck driver,
upon arrival at his home at 432 Seaver Street in the Dor-
chester district of Boston, where he lived with his wife and
three children, was assaulted with a machete. His wife
responded to calls from him and went to the inner hallway
of the apartment where she found her husband sitting on the
floor with blood pouring from his head, his clothes slit and
covered with blood, and a bag of doughnuts on the floor
also blood covered. After handing his wife his bloodstained
wallet containing two dollars, also bloodstained, Restaino
collapsed in her arms uttering only the words, "Two boys,
two boys." He was taken to the Carney Hospital where he
underwent brain surgery for damage resulting from a skull
fracture and the severing of the middle meningeal artery.
He remained in a coma for three months, and was eventually
transferred to a Veterans Administration Hospital and
thence to a nursing home. He never recovered from his
brain trauma which left him mute, paralyzed, and dis-
oriented. He died on April 23, 1967.

Prior to the assault four boys, including the defendant,
had been together in the vicinity of the assault, and the
defendant was in possession of a machete which at one point

he had stuck into the tire of a car parked at a curb and which at another time he employed to "bust" a car window. His companions told of seeing the defendant hacking at Restaino with the machete when Restaino was prone on the floor of the hallway.

We deal with the assignments in the order in which they have been argued to us in the defendant's brief.

1. The defendant first complains of certain language employed by the judge in his charge as follows: "Some of you might ask yourselves, 'Well, this man died, and why isn't there a homicide case pending?' Under the common law in order to prosecute for a homicide as a result of an assault and battery, the death must take place not later than one year after the alleged assault and battery has occurred, and since in this case Mr. Restaino lived for a few days beyond that period, there can be no homicide prosecution."[1] This, it is contended, inflamed the minds of the jury. The duty of the court is to instruct the jury on questions of law pertinent to the issue. *Commonwealth* v. *Porter*, 10 Met. 263, 286.

The remarks of the judge in this instance, while not directly related to the issue on trial, cannot be characterized as prejudicial. His charge is to be read in its entirety. It is the impression created by the charge as a whole that constitutes the test. *Commonwealth* v. *Aronson*, 330 Mass. 453. These considerations govern the appraisal of the charge whether the case be criminal or civil in nature. *Goltz* v *Besarick*, 313 Mass. 14, 17. *Commonwealth* v. *Greenbr·* [3]39 Mass. 557, 585. *Haven* v. *Brimfield*, 345 Mass. 529, 533. *Commonwealth* v. *Kleciak*, 350 Mass. 679, 692. In the light of them the judge's charge was fair. In the passage of which there is complaint he endeavored to resolve a question which might well have lain in the minds of the jury.

2. The defendant objects also to a portion of the charge relating to evidence given by a neurologist based on an ex-

---

[1] "In this Commonwealth the common law rule obtains that to constitute criminal homicide the victim of the assault must die within a year and a day from the time of the infliction of the mortal wound. *Commonwealth* v. *Macloon*, 101 Mass. 1, 6." *Commonwealth* v. *Vanetzian*, 350 Mass. 491, 493. Fn. 1.

amination made more than two months after the assault, the question being whether this evidence was pertinent to the issue of the victim's mental condition so as to explain his exclamation, "Two boys, two boys." The judge stated to the jury, "If you feel that the mental condition of Mr. Restaino was such, in view of the injuries that he received and they were admittedly serious — bearing on this question you have the testimony of the doctor, Dr. Toll, as to .the injury, the fractured skull and lesions of the brain — so that you have to be satisfied that that was a statement that he made knowing what he was saying, and as bearing upon the question of whether or not there were two boys in that doorway, you will remember the testimony of Mr. Blair and his witnesses that Blair and his friends went into the doorway, according to their testimony, to render assistance or to see what was taking place. . . ."

The doctor testified on the basis of her examination and of the hospital records which were admissible on the nature of the victim's injuries.  G. L. c. 111, § 70.  G. L. c. 233, § 79.  Her testimony was not objected to.  While the doctor was not a psychiatrist she was a qualified neurologist, and as such was in a position to render an opinion describing physical injuries and their obvious and observable effects. The language of the judge at this point was directed to this fact, and his use of the words "mental condition" is to be weighed not only against the main thrust of his statement but also, again, against the essential fairness of the charge considered as a whole.  We discern no prejudicial error.

3. There are four assignments of error based on the alleged inadmissibility of evidence concerning the defendant who was not present when the statements were made to a witness. The defendant was tried in company with one Blair.  The witness testified that Blair informed him of the participation of another individual in the crime, including the manner in which that individual struck Restaino with a machete. The evidence offered was clearly admissible against Blair. While the defendant objected to the evidence and took exceptions in.each instance, when his objections were overruled he did

not seek to have the evidence limited in its effect to Blair which he could have done. *Commonwealth* v. *Giacomazza,* 311 Mass. 456, 468. See *Thompson* v. *Beliauskas,* 341 Mass. 95, 97. Since the defendant neither moved to strike any of the testimony allegedly admitted in error, nor requested appropriate limiting instructions, no error is shown in these assignments.

4. No error appears in the ruling by the court that the witness for the Commonwealth was hostile and might, therefore, be subject to leading questions in direct examination. A review of the transcript adequately demonstrates the entirely proper exercise of discretion by the judge in making the declaration. *Commonwealth* v. *Coshnear,* 289 Mass. 516, 527. *Commonwealth* v. *Jones,* 319 Mass. 228, 230. *Commonwealth* v. *Monahan,* 349 Mass. 139, 162–163.

5. In the light of the disposition of the assignments of error already discussed, we find no error in denying the defendant's motion for a new trial. The defendant has had a fair trial.

*Judgment affirmed.*