Rescript Opinions.

NORMAN H. QUINN *vs.* STONEHAM LAUNDRY, INC. (and a companion case [1]). November 15, 1971. In these cross-actions of contract tried before a judge and a jury in the Superior Court, in which a verdict was returned for Norman H. Quinn as plaintiff and also as defendant, exceptions were lodged by Stoneham Laundry, Inc. as a defendant. Those exceptions are now before us. We concern ourselves principally with the language of the judge's charge in which he commented on evidence given by a witness for the defendant laundry. The evidence related to the price charged by the witness for oil sold to the laundry. The judge's statement in effect undercuts that evidence; he told the jury that the witness had not testified relative to the distance which he had to transport the oil for delivery and that "the price of oil as testified to . . . really doesn't mean much because it's subject to a qualification and that's the qualification of the distance it has to be hauled." He did not, however, apply the same qualification to the testimony of the plaintiff Quinn who also did not testify relative to the distance he hauled the oil, for the delivery and sale of which he brought his action. The question of the effect of distance on price was thus raised and commented on in the charge in one instance but not in the other. Thus "the effect . . . was to throw the weight of the judge's opinion in the scales against the defendant." *Commonwealth* v. *Foran,* 110 Mass. 179, 180. *Cahalane* v. *Poust,* 333 Mass. 689, 692–694. This was error. That we have considered this matter notwithstanding noncompliance by the excepting party with S.J.C. Rule 1:22, 351 Mass. 742, is not to be construed as an indication that the rule may be disregarded.

*Exceptions sustained.*

*Willard Krasnow* for Stoneham Laundry, Inc.
*Charles H. Loring* for Norman H. Quinn, submitted a brief.

IGNATIUS E. THEODOROU & others *vs.* BOARD OF ASSESSORS OF NEWTON. December 2, 1971. The plaintiffs appeal from an order of the Superior Court sustaining the defendant's demurrer. The essential allegations of the several counts in the declaration in this action of "contract and/or tort" were that the assessors of the city of Newton "did knowingly violate their oath of office by using an intentional scheme of over-assessing the plaintiffs' property . . . in violation of and contrary to the provisions of" G. L. c. 41, §§ 29 and 30; that the assessors arbitrarily and capriciously denied the plaintiffs' applications for abatement of taxes without benefit of a hearing, thus causing the plaintiffs to pay a disproportionately excessive tax which has resulted in extensive monetary damage to each of the plaintiffs. The exclusive and adequate remedy for overassessment is afforded by abatement proceedings under G. L. c. 59, §§ 59–74.

*Order sustaining demurrer affirmed.*

*John C. Carr, Jr.* (*Ernest E. Falbo, Jr.*, with him) for the plaintiffs.
*Douglas Danner* (*Robert C. Gerrard* with him) for the defendant.