COMMONWEALTH *vs.* LEON BORGES. September 17, 1974. The defendant was indicted for assault with intent to murder and for assault and battery by means of a dangerous weapon. He was convicted of both charges after a jury trial held pursuant to G. L. c. 278, §§ 33A-33G. The sole assignment of error argued to this court concerns a portion of the judge's instructions to the jury. Both charges arise from an unprovoked stabbing incident which occurred in New Bedford on June 27, 1971. At trial, after some hesitation, the victim identified the defendant as his attacker. The victim also testified that the defendant had approached him between the arraignment and the trial and had offered to pay his medical expenses, although maintaining his innocence. The defendant took the stand at trial and testified that he had been elsewhere at the time of the crime. In the course of his instructions to the jury, the judge made the following comment: "You don't go around paying somebody else's doctor's bills if you didn't cause the reason for it." The

defendant took exception to the judge's charge upon its conclusion. Although he did not specify the basis for his objection, it followed almost immediately after the above-quoted comment. An omnibus exception to a jury charge cannot ordinarily be sustained. *McKnight* v. *Red Cab Co.* 319 Mass. 64, 66-67 (1946). Nevertheless, a verdict or finding may be set aside in order to prevent a miscarriage of justice even if there has been no proper objection at trial. See *Commonwealth* v. *McDonald,* 264 Mass. 324, 336 (1928); *Commonwealth* v. *Conroy,* 333 Mass. 751, 757 (1956); *Commonwealth* v. *Freeman,* 352 Mass. 556, 561-564 (1967). In view of the fact that the defendant did not deny having made the offer, the judge's comment amounted to an instruction as to the inference which the jury should draw from the victim's testimony and had the effect of throwing the judge's opinion onto the scales decisively against the defendant. Compare *Commonwealth* v. *Foran,* 110 Mass. 179, 180 (1872); *Quinn* v. *Stoneham Laundry, Inc.* 360 Mass. 858 (1971). We are of opinion that the judgments entered in the case at bar must be reversed.

*Judgments reversed.*
*Verdicts set aside.*

*Edward Berkin* for the defendant.

*Elizabeth O'Neill La Staiti,* Legal Assistant to the District Attorney, for the Commonwealth.