COMMONWEALTH vs. JOHN I. PERRY & another[1]
(and two companion cases).

Suffolk.    January 14, 1975. — May 29, 1975.

Present: ROSE, KEVILLE, & GRANT, JJ.

*Evidence,* Relevancy and materiality, Scar.    *Practice, Criminal,* Charge to jury.    *Assault.    Joint Enterprise.*

In a criminal case there was no error in allowing the victim to exhibit to the jury a scar resulting from a stab wound allegedly inflicted by the defendant where the scar tended to corroborate the victim's testimony, where its location and dimensions were relevant

---

[1] Armand L. LeBlanc. The companion cases are by the Commonwealth against the same defendants.

to the issue of the defendant's intent to murder, and where any pos-
sible prejudicial impact was minimized by the judge's questioning
of the victim for the purpose of differentiating between the scar
caused by the stab wound and other scars resulting from subsequent
surgical procedures and by the judge's appropriate instructions to
the jury. [309-310]
There was no error in a judge's comment, in supplemental instructions
on the meaning of "intent to murder," that the jury shouldn't "have
too much difficulty in trying to determine whether the one who
wielded the knife possessed the specific intent to murder," where
such a remark did not, in the light of the entire charge, intimate
which facts should be found and thus invade the province of the
jury. [310-312]
At the trial of indictments charging assault and battery by means of
a dangerous weapon and assault being armed with a dangerous
weapon with intent to murder, evidence that a defendant kicked the
victim after he had fallen to the sidewalk, that he helped to hold
the victim down while a co-defendant drew a knife and stabbed the
victim and that the defendant and co-defendant were walking to-
gether shortly after the incident was sufficient to warrant an infer-
ence that the defendant was engaged in a joint enterprise with the
co-defendant and possessed the requisite intent to murder. [312-314]

INDICTMENTS found and returned in the Superior Court
on November 12, 1973.

The cases were tried before *McLaughlin,* C.J.

*Chester C. Paris* for the defendant Armand L. LeBlanc.

*Robert S. Potters* for the defendant John I. Perry.

*Louis M. Nordlinger,* Assistant District Attorney, for the
Commonwealth.

KEVILLE, J. The defendants were convicted on two
indictments charging them with assault and battery by
means of a dangerous weapon (a shod foot and a knife,
respectively) and one indictment charging them with as-
sault being armed with a dangerous weapon (a knife) with
intent to murder. They appeal from their convictions pur-
suant to G. L. c. 278, §§ 33A-33G.[2]

We first deal with the defendant Perry's assignments of
error. Those not argued are deemed to be waived. *Common-
wealth* v. *Foley,* 358 Mass. 233, 234 (1970). *Commonwealth*
v. *Underwood,* 358 Mass. 506, 512 (1970). Perry first con-
tends that the trial judge erred in allowing the victim to

---

[2] A third defendant was convicted but no appeal taken by him is
presently before us.

exhibit to the jury a scar resulting from a stab wound inflicted by Perry. He claims that the scar was not distinguishable from surgical scars on the victim's body resulting from subsequent surgical procedures and could only serve to inflame and prejudice the jury.

The scar tended to corroborate the victim's testimony about the stabbing. Its location on the victim's body and dimensions were relevant to the material issue of intent to murder. Compare *Commonwealth* v. *D'Agostino,* 344 Mass. 276, 279 (1962), cert. den. 371 U. S. 852 (1962). "Whether such evidence was so inflammatory in nature as to outweigh its probative value and preclude its admission is a question to be determined by the trial judge in the exercise of his sound discretion." *Ibid. Commonwealth* v. *Stirling,* 351 Mass. 68, 71-72 (1966). In the absence of photographic evidence of the scars we cannot say that permitting their display to the jury amounted to an abuse of discretion. However, it is to be noted that any prejudicial impact which they might have had upon the jury was minimized by the judge's questioning of the victim for the purpose of differentiating between the scar caused by the wound and the surgical scars, and also by the judge's appropriate instructions to the jury. *Ibid. Commonwealth* v. *Chalifoux,* 362 Mass. 811, 817 (1973).

The defendant Perry also contends that the judge erred while instructing the jury on the issue of intent to murder. He argues that during supplemental instructions on this issue, the judge made a comment on the facts which violated the defendant's right to have the jury decide the ultimate issues of the case and his right to due process of law.[3]

---

[3] The portion of the charge to which the defendant Perry objects reads as follows: "Well, I assume, as far as the one who wielded the knife is concerned, you could consider all of the evidence that he did in committing the assault. If he used any weapons, how he used them. If he used them, were they used with a preexisting malice, either actual or implied in law. Any malice is implied in law by the very unlawfulness and the wrongfulness and heinousness of killing another human being. It is implied. *So I don't think you would have too much difficulty in trying to determine whether the one who wielded the knife possessed the specific intent to murder"* (emphasis supplied).

Although no exception was taken to the charge at trial, we may nevertheless consider its propriety in order to insure that it did not result in a miscarriage of justice. *Commonwealth* v. *Freeman,* 352 Mass. 556, 561 (1967). *Commonwealth* v. *Borges,* 2 Mass. App. Ct. 869 (1974).

While a judge is afforded wide discretion in phrasing his instructions to the jury, he must heed certain limitations which the law places upon the exercise of his discretion. For example, G. L. c. 231, § 81, states, "The courts shall not charge juries with respect to matters of fact, but they may state the testimony and the law." See *Commonwealth* v. *Myers,* 356 Mass. 343, 349 (1969). It is thus improper for a judge to include in his instruction to the jury his opinion about the credibility of certain witnesses. *Commonwealth* v. *Barry,* 9 Allen 276, 277-279 (1864). Additional instructions that the jury give such weight to the testimony as it sees fit will not cure the error. *Commonwealth* v. *Foran,* 110 Mass. 179, 180 (1872). In the more recent case of *Commonwealth* v. *Borges, supra,* the judge's instruction included a remark concerning the defendant's offer to pay for medical bills of the victim. Ordering a reversal, the court stated that "the judge's comment amounted to an instruction as to the inference which the jury should draw." *Borges* case, *supra.*

In the instant case, after receiving the judge's comprehensive charge, the jury returned from its deliberations with a request for further instructions on what constitutes intent to murder. Responding to this request, the judge explained the legal definition of intent to murder and commented hypothetically upon facts on which a jury finding of intent to murder could be based. A fair reading of the remark objected to by the defendant Perry, not treated in isolation but considered in light of the judge's entire charge (*Commonwealth* v. *Aronson,* 330 Mass. 453, 457 [1953]; *Commonwealth* v. *Pinnick,* 354 Mass. 13, 15 [1968]), does not lead to the conclusion that the judge was intimating which facts should be found and thus invading the province of the jury to the prejudice of the defendant. See *United States* v. *Messina,* 36 F. 2d 699, 701 (2d Cir. 1929). Con-

trast *United States* v. *Brandom,* 479 F. 2d 830, 833-837 (8th Cir. 1973).

We now deal with the single contention argued by the defendant LeBlanc. Since LeBlanc did not possess or use the knife involved in the stabbing of the victim, his criminal liability for assault and battery by means of a dangerous weapon (the knife) and assault being armed with a dangerous weapon (the knife) with intent to murder is based upon the theory of joint enterprise. LeBlanc claims that absent evidence of his awareness of the knife, he could not be convicted of these two offenses and that his motion for a directed verdict should have been granted.

The standard for criminal liability under the joint enterprise theory is enunciated in *Commonwealth* v. *Richards,* 363 Mass. 299 (1973). "[G]uilt of the accessory is established when it is ... shown that he intentionally assisted the principal in the commission of the crime and that he did this, sharing with the principal the mental state required for that crime." *Id.* at 307-308. See *Commonwealth* v. *Ferguson,* 365 Mass. 1, 7-10 (1974). *Commonwealth* v. *Mangula,* 2 Mass. App. Ct. 785, 789 (1975). Since we are reviewing the denial of a motion for a directed verdict, we view the evidence in its aspect most favorable to the Commonwealth. *Commonwealth* v. *Flynn,* 362 Mass. 455, 479 (1972). *Commonwealth* v. *Mangula, supra.* The question is "whether there was sufficient evidence of the defendant's guilt to warrant the submission of the [case] to a jury." *Commonwealth* v. *Fillippini,* 1 Mass. App. Ct. 606, 612 (1973). *Commonwealth* v. *Baron,* 356 Mass. 362, 365 (1969). Where competent evidence has been introduced in support of all the material allegations of the indictment, the weight and sufficiency of such evidence are left to the jury. *Id.* at 365-366. The evidence may be direct or circumstantial. *Commonwealth* v. *Soroko,* 353 Mass. 254, 262 (1967). *Commonwealth* v. *Ferguson, supra,* at 9. The jury may draw inferences "unless the inference either is forbidden by some special rule of law, or is declared unwarranted because too remote, according to the ordinary course of events." *Commonwealth* v. *O'Brien,* 305 Mass. 393, 401

(1940). The inferences drawn from the facts or circumstances need not be necessary inferences. They need only be reasonable and possible. *Commonwealth* v. *Medeiros,* 354 Mass. 193, 197 (1968), cert. den. sub nom. *Bernier* v. *Massachusetts,* 393 U. S. 1058 (1969).

Reviewing the Commonwealth's evidence, we conclude that LeBlanc's motion for a directed verdict was properly denied. The jury could have found that LeBlanc saw the knife in Perry's possession, continued to hold the victim down and participate in the assault, and shared the requisite intent to murder.

This was not a case in which the defendant was merely present at or failed to take affirmative steps to prevent the crime. See, e.g., *Commonwealth* v. *Clark,* 363 Mass. 467, 473 (1973). According to the victim's testimony, LeBlanc kicked him after he had been grabbed by Perry and had fallen to the sidewalk in front of a bar. When the victim tried to get up, LeBlanc and the third defendant held him down. Perry was between the legs of the victim and close to LeBlanc. While LeBlanc and the third defendant pinned the victim's shoulders, Perry drew a knife with a wide blade and handle[4] from his right back pocket, opened it, stabbed the victim and drew the knife through him. A cabdriver who observed the assault corroborated the victim's testimony that LeBlanc held down the victim and further stated that when he came to aid the victim, LeBlanc was still holding the victim down. The victim testified that the defendants walked away together after the assault and there was additional testimony that two police officers observed the defendants walking together shortly after the crime.

There was testimony from the victim that the lighting in front of the bar was good. It was reasonable to infer that LeBlanc was aware of what Perry was doing. However, he made no attempt to abandon the enterprise (see *Common-*

---

[4] Stanley Bogdan, a crime laboratory specialist, testified that the knife had a blade of $3\frac{5}{8}$ inches, a handle of $4\frac{7}{8}$ inches, and an overall opened length of $8\frac{1}{2}$ inches.

*wealth* v. *Mangula,* 2 Mass. App. Ct. 785, 792 [1975]), and continued to hold the victim down and thus assisted in the perpetration of the assault. We conclude that there was evidence from which the jury could infer that LeBlanc acted in concert with Perry, assisted in the stabbing and possessed the requisite intent to murder. *Commonwealth* v. *Richards,* 363 Mass. 299, 307-308 (1973).

*Judgments affirmed.*