COMMONWEALTH *vs.* JOHN E. SCAGLIOTTI, JR.

Suffolk.    September 12, 1977. — November 9, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Unnatural and Lascivious Act.    Practice, Criminal,* Costs of prosecution.

At the trial of a defendant charged with soliciting another to commit an unnatural and lascivious act in violation of G. L. c. 272, § 35, it was error for the judge to instruct the jury that an enclosed theatre cubicle with a door which could be closed but not locked, in which

---

the defendant proposed to commit the act, was a public place as matter of law. [628-629]

At the trial of a defendant charged with soliciting another to commit an unnatural and lascivious act, the judge erred in instructing the jury on the issue of consent where there was no allegation that the defendant used force. [629]

COMPLAINT received and sworn to in the Municipal Court of the City of Boston on November 26, 1975.

On appeal to the Superior Court, the case was tried before *DeGuglielmo,* J., a judge of the Municipal Court of the City of Boston sitting under statutory authority.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Evan T. Lawson (John Reinstein* with him) for the defendant.

*Michael J. Traft,* Special Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.    The defendant was convicted in the Municipal Court of the City of Boston on a complaint charging the common law crime of soliciting another to commit a felony. See *Commonwealth* v. *Flagg,* 135 Mass. 545, 549 (1883); *Commonwealth* v. *Willard,* 22 Pick. 476, 478 (1839). The felony solicited was the commission of an "unnatural and lascivious act with another person." G. L. c. 272, § 35. See *Commonwealth* v. *Balthazar,* 366 Mass. 298 (1974), habeas corpus granted sub nom. *Balthazar* v. *Superior Court,* 428 F. Supp. 425 (D. Mass. 1977). On appeal, the defendant was tried before a jury in the Superior Court and was again convicted. The case is here on a bill of exceptions. G. L. c. 278, § 31. We reverse the conviction and remand for a new trial.

The events in question occurred in the Jolar Cinema, a "mini-movie" theatre which exhibits sexually explicit films in small cubicles within the theatre. The chief prosecution witness, one Detective Miller, testified that while he was on duty in plain clothes at the Jolar Cinema, the defendant entered the cubicle where Miller was standing and offered to perform an unnatural act.

1. The defendant argues that the trial judge erred in instructing the jury that the cubicle within the theatre was a public place as matter of law. We agree. A consensual unnatural act must be committed in a public place in order to be punishable under G. L. c. 272, § 35. See *Commonwealth* v. *Manning,* 367 Mass. 605, 607 n.3 (1975); *Commonwealth* v. *Balthazar,* 366 Mass. 298, 302 (1974). The public nature of the consensual act is an essential element to be proved by the prosecution. The issue was whether the defendant had offered to commit the act in a public place. The jury were warranted in inferring from the evidence that the defendant's proposal was to commit the act in the cubicle where the encounter occurred. Only where there is no issue of fact for the jury because of an agreement of all the facts material to the proof of the crime charged can a judge properly take an issue from the jury. *Commonwealth* v. *Moniz,* 336 Mass. 178, 180 (1957). *Commonwealth* v. *Sookey,* 236 Mass. 448, 452 (1920). Cf. *In re Winship,* 397 U.S. 358, 364 (1970).

The trial judge received detailed testimony on the issue of whether — apart from his expectations — the cubicle in fact afforded the defendant privacy.[1] By privacy, in this sense, we mean removal from the public view and elimination of the possibility that the defendant's conduct might give offense to persons present in a place frequented by members of the public for reasons of business, entertainment, or the like. See *Commonwealth* v. *Bishop,* 296 Mass. 459, 462 (1937). Cf. *In re Steinke,* 2 Cal. App. 3d 569, 576 (1969); *State* v. *Boles,* 5 Conn. Cir. Ct. 22, 34 (6th Cir. 1967). See also G. L. c. 143, § 1 (definitions of

---

[1] Witnesses testified to the following facts: that the Jolar Cinema had a glass facade through which passersby could see into the lobby, but not into the interior of the theatre; that the interior consisted of twenty-three separate cubicles, each containing a coin-operated movie projector; that seventeen of the booths accommodated one customer only and could not be enclosed so as to prevent others from looking in; that six other cubicles each accommodated two persons, contained a couch, and had a door that could be closed, although not locked. When the door was closed, a red light outside the cubicle warned others not to enter. The alleged solicitation took place in one of the "couples" booths.

terms, including "public building," within licensing statutes). This testimony was susceptible to conflicting interpretations, and where inferences might be drawn from the testimony on a certain point, the question must be submitted to the jury. G. L. c. 278, § 2 (issues of fact for the jury in criminal cases). See *Carpenter* v. *Fisher,* 175 Mass. 9, 12 (1899). It is within the peculiar province of the jury to resolve these factual differences. *Commonwealth* v. *Leate,* 352 Mass. 452, 457 (1967).

It follows, of course, that the cubicle also could not be ruled as matter of law to be a private place. Therefore, the defendant's motion for directed verdict was properly denied.

2. Since the issue may arise at any new trial on this complaint, we consider the defendant's argument that the judge's charge on the issue of consent created a false issue in the case and should have been omitted. We agree with this contention. The defendant was charged with soliciting a consensual act of unnatural sexual relations in a public place. Since there is no allegation that the defendant used force, the charge on the issue of consent was superfluous and misleading. See *Commonwealth* v. *Freeman,* 352 Mass. 556, 562 (1967). Cf. *Commonwealth* v. *Manning,* 367 Mass. 605, 607 n.3 (1975); *Commonwealth* v. *Balthazar,* 366 Mass. 298, 302 (1974) (forcible commission of unnatural act; consent raised as defense).

Other assignments of the defendant relate to matters which are not likely to arise at any new trial.

3. The defendant also argues that the trial judge lacked power to impose costs of $500 in addition to a fine. We agree that the costs imposed here constituted a penalty of the sort prohibited by G. L. c. 280, § 6. The costs were not imposed as a "condition of the dismissal or filing of a complaint or indictment" or as a "term of probation," as provided by the statute.

*Exceptions sustained.*