COMMONWEALTH *vs.* RALPH M. SNEED, JR. March 16, 1978. 1. As complaint No. 75-3271 is framed in essentially the same terms as the indictment in *Commonwealth* v. *Armenia*, 4 Mass. App. Ct. 33, 38 (1976), the Commonwealth is similarly confined in its proof to establish a violation of G. L. c. 266, § 49. Accordingly, on this record, it was error for the judge to deny the defendant's motion for a directed

verdict of not guilty on that complaint. Contrast *Commonwealth* v. *Jones,* 355 Mass. 170, 176-177 (1969). The only evidence presented by the Commonwealth to establish the essential element of intent to use was that the defendant was a passenger in a vehicle that "would slow down as it approached driveways [of houses] headed in a westerly direction on Route 30." The vehicle stopped once only briefly near a drug store, and the passengers did not leave the vehicle at any time during the period it was under observation. Contrast *Cortellesso* v. *Commonwealth,* 354 Mass. 514, 515-516 (1968). 2. A study of the charge as a whole (*Commonwealth* v. *Pinnick,* 354 Mass. 13, 15 [1968]) reveals that the judge did not exceed the limitations which the law places on his discretion in phrasing his instruction to the jury with regard to the offense of using a motor vehicle without authority. See *Commonwealth* v. *Perry,* 3 Mass. App. Ct. 308, 310-312 (1975). See also *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 749-753 (1961). But see *Commonwealth* v. *Therrien,* 371 Mass. 203, 208-209 (1976). 3. The defendant's remaining assignments of error, still relevant in light of our disposition of this case, have been considered and we find them lacking in merit. The judgment on complaint No. 75-3271 is reversed, the verdict on that complaint is set aside, and judgment is to be entered for the defendant. The judgment on complaint No. 75-3272 is affirmed.

*So ordered.*

*William J. Leahy* for the defendant.

*Susan C. Mormino,* Assistant District Attorney, for the Commonwealth.