COMMONWEALTH *vs.* GARY M. BERTUZZI. October 24, 1978. Neither of the assignments of error argued on appeal warrants reversal of the judgment of conviction. 1. It was well within the judge's discretion to allow "the victim to display a wound caused by surgical intervention and not [by] the alleged attack by the defendant." See *Commonwealth* v. *D'Agostino*, 344 Mass. 276, 279, cert. denied, 371 U.S. 852 (1962); *Commonwealth* v. *Campbell*, 375 Mass. 308, 313 (1978), and cases cited; *Tuttle* v. *McGeeney*, 344 Mass. 200, 205 (1962). See generally *Commonwealth* v. *Bys*, 370 Mass. 350, 357-361 (1976), and cases cited. In any event, we conclude that the "surgical incision . . . [displayed] could not have misled the jury as to the injuries sustained since it was made quite clear that this incision [which the witness, a surgeon, distinguished from the stab wound] was made in the course of medical treatment." *Commonwealth* v. *Campbell, supra* at 314. 2. A judge is not obliged to "instruct in the exact language of the [defendant's] requests." *Commonwealth* v. *Kelley*, 359 Mass. 77, 92 (1971). When the charge is read in its entirety (see *Commonwealth* v. *Pinnick*, 354 Mass. 13, 15 [1968]), it is clear that the judge adequately instructed the jury on all the relevant aspects of self-defense in the circumstances of this case. *Commonwealth* v. *Shaffer*, 367 Mass. 508, 511-515 (1975). See *Commonwealth* v. *Kendrick*, 351 Mass. 203, 210-212 (1966). Moreover, contrary to the defendant's assertion that the judge's "language shifted the burden of proof contrary to the . . . holding in *Commonwealth* v. *Rodriguez* [370 Mass. 684 (1976)]," the record reflects that the judge meticulously adhered to the principles established by *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), and *Commonwealth* v. *Rodriguez, supra* at 692 & n.10. See also *Commonwealth* v. *Collins*, 374 Mass. 596, 599–600 (1978), and cases cited. There was no error in this regard.

*Judgment affirmed.*

The case was submitted on briefs.
*Joseph F. Annunziata, Jr.,* for the defendant.
*John J. Droney,* District Attorney, & *James W. Sahakian,* Assistant District Attorney, for the Commonwealth.