COMMONWEALTH *vs.* WILLIAM HENNIGAN (and three companion cases). March 23, 1981. After a mistrial was declared at the request of both defendants on the second day of trial, the defendants were retried and convicted of assault and battery on indictments charging rape. In addition the defendant Hennigan was convicted on a separate indictment charging assault and battery with a dangerous weapon, and Gosselin was convicted on a separate indictment charging assault and battery. 1. Contrary to the defendants' contention, the record does not show any "judicial overreaching or bad faith" which would bar reprosecution after the mistrial was granted at the defendants' request. *Jones* v. *Commonwealth*, 7 Mass. App. Ct. 383, 390 (1979), citing *United States* v. *Jorn*, 400 U.S. 470, 485 (1971); *United States* v. *Dinitz*, 424 U.S. 600, 607

(1976); *Lee* v. *United States,* 432 U.S. 23, 32-33 (1977). See also *Jones* v. *Commonwealth,* 379 Mass. 607, 615 n.17 (1980). Even if the judge had overreacted in his efforts to keep control of the courtroom, which, in our opinion, he had not, his actions could not be construed as harassment of the defendant designed to "afford the prosecution a more favorable opportunity to convict." *United States* v. *Dinitz,* 424 U.S. at 611, quoting from *Downum* v. *United States,* 372 U.S. 734, 736 (1963). 2. There was no error in the exclusion of questions asked on cross-examination of a Commonwealth witness (and a victim of Gosselin's assault) as to the witness's use of drugs. A broad range of questions was allowed as to the witness's use of drugs both at the time of the incident and at the time of trial, and the trial judge did not abuse his discretion by excluding further inquiry as to those matters. *Commonwealth* v. *Taylor,* 319 Mass. 631, 634 (1946). *Commonwealth* v. *Carroll,* 360 Mass. 580, 589 (1971). *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 714 (1974). 3. Error has not been demonstrated in the refusal of the trial judge to allow the use of a tape recording to refresh the memory of a witness. The witness had no failure of memory (indeed his testimony was unequivocal) as to the major point of inquiry: whether or not the complainant was aware of the efforts of the witness to "settle" complaints against the defendants. Although the tape arguably might have refreshed the witness's recollection of certain details of his telephone conversations with the defendant Hennigan, in the absence of evidence that the complainant knew of these conversations such evidence was collateral and was a matter which lay within the discretion of the trial judge.

*Judgments affirmed.*

*John A. Baccari* for the defendant.

*Susan C. Mormino,* Assistant District Attorney, for the Commonwealth.