Commonwealth *vs.* Bobby Glen.

Barnstable. June 8, 1981. — July 31, 1981.

Present: Hale, C.J., Grant, & Brown, JJ.

*Rape. Practice, Criminal,* Instructions to jury. *Reasonable Doubt. Evidence,* Fresh complaint, Relevancy and materiality.

In the circumstances, that portion of a judge's charge during a rape trial in which he instructed the jury that "[i]t is established upon the evidence here beyond a reasonable doubt to that degree of certainty that I have described. You have no discretion which permits you to acquit the defendant," created a substantial risk of a miscarriage of justice even though it would appear that the judge intended to begin the quoted language with "if" and even though the remainder of the charge was on balance favorable to the defendant. [318-321]

There was no merit to a defendant's contention that the judge at his rape trial had erred in admitting evidence of a complaint by the victim to two police officers about three hours after the incident without making a preliminary finding that the complaint was fresh where the judge had made such a finding when testimony of the complaint was first offered and was relying on that finding when he admitted the officers' testimony. [321]

The judge at a rape trial did not err in excluding a witness's testimony that on one occasion the victim had tried to persuade the defendant to go to her house after a party where it was not shown whether that incident had occurred sufficiently close in time to the events in question to assure relevance with respect to those events. [321-322]

Indictment found and returned in the Superior Court Department on January 8, 1980.

The case was tried before *Keating, J.*

*Joan E. Lynch,* Assistant District Attorney, for the Commonwealth.

*Bruce F. Blaisdell* for the defendant.

Hale, C.J. This is an appeal from a conviction on an indictment charging rape. The defendant was acquitted on another indictment charging assault with intent to commit rape.

The following is a brief statement of facts that could have been found by the jury. During the afternoon and evening of December 3, 1979, the defendant, his wife and her sister, the victim, were together at the Glen apartment. The defendant and the victim were drinking. At about 9:00 P.M. the defendant's wife went to bed. The defendant and the victim stayed in the living room and continued to drink. At about 11:00 P.M. the victim went into the bathroom and changed into a house coat or negligee, which she had borrowed from her sister. She then returned to the living room and went to sleep on a couch. At this point, the defendant was lying down on the living room floor. Later the victim awoke and found the defendant on top of her having intercourse. She told him to get off of her and tried to push him away. As she was doing so, the defendant's wife entered the room and saw them on the couch. The defendant got up and went into a bedroom with his wife, where they argued. While this was going on the victim went into the bathroom and changed into her street clothes. As she finished, the defendant entered the bathroom and forced her to have intercourse again. In the meantime, the defendant's wife left the apartment and summoned the police. The defendant then pushed the victim out of the bathroom and onto the living room couch. When the police arrived, the defendant dressed, and the police were let in. The victim told them she had been raped. She was taken to a hospital, where she was examined by a doctor, after which she described to the police officers what had occurred.

The defendant argues that the charge to the jury was improper in several respects. No objection was made to any part of it; we examine the charge only to determine whether there is a substantial likelihood of a miscarriage of justice. *Commonwealth v. Freeman,* 352 Mass. 556, 564 (1967). *Commonwealth v. Perry,* 3 Mass. App. Ct. 308, 311 (1975).

The defendant argues that the judge, in effect, directed a verdict of guilty in that part of the charge which we set out

in the margin.[1]  He specifically focuses on the words, "It is established upon the evidence here beyond a reasonable doubt to that degree of certainty that I have described.  You have no discretion which permits you to acquit the defendant."

The district attorney informed us at oral argument that the transcript accurately reported the charge as given, and we agree with the defendant that the effect of the language standing alone was to direct a verdict for the Commonwealth.  While it would appear that the judge intended to

---

[1] "All presumptions of law, independent of evidence, are in favor of innocence, that every person is presumed to be innocent until he is proven guilty.  If upon such proof there is reasonable doubt remaining, the accused is entitled to the benefit of it by an acquittal.  For it is not sufficient to establish a probability arising from the doctrine of chance that the fact charged is more likely to be true than the contrary.  The evidence must establish the truth of the fact to a reasonable and to a moral certainty.

"The defendant's rights to hold the government to the strictest proof and compliance with the requirements of law is an absolute right.  No consideration of public safety, no righteous indignation, no zeal for the suppression of crime can give to this Court or you jurors any reason to relax the rule of law, or explain the evidence to any conclusion not warranted by fair or convincing forces.

"The government of this Commonwealth is a government of law, not a government of men.  We don't apply those laws as we choose to.  If you jurors observe your oath and render a true verdict according to the evidence, then the community and every citizen in it can ask no more and shall be the safer therefore, whatever your verdict.

"Since the law rules in this Commonwealth, I cannot — quoting from the court decision — state this principle too strongly.  That I should fail jurors in my duty if I did not, with equal emphasis, remind you that the community is not the safer if all of the rights of those charged with crime are recognized and guarded.  The rights of the people of the Commonwealth, whom you represent here today, to have a verdict commensurate with its proof, is as absolute and sacred in this case as the right of this and any other defendant.  *It is established upon the evidence here beyond a reasonable doubt to that degree of certainty that I have described.*

"*You have no discretion which permits you to acquit the defendant.*  If a verdict of guilty is withheld under those circumstances, the law does not rule, but uncertainty and arbitrary will of men rules and not the law.

"And if, on the other hand, as I have told you and again I will tell you, at the conclusion of your deliberations if there lurks in your minds, as reasonable men and women, any reasonable doubt as to the guilt of this defendant, then he is entitled to the benefit of that by a right which is equal to but not superior to the rights of the Commonwealth to a conviction if you are so satisfied." (Emphasis supplied.)

begin the quoted language with "If," he did not, and we must consider the case on the record as it stands. In doing so, we look to the charge as a whole and will not view the quoted language out of context in determining its probable effect on the jury. *Commonwealth* v. *McColl*, 375 Mass. 316, 321 (1978). *Commonwealth* v. *Perry, supra* at 311. While we do not suggest that this charge be taken as a model, we think that except for the quoted language it was on balance favorable to the defendant. We note that before the portion of the charge quoted in the margin was given the judge had instructed the jury no fewer than three times on the Commonwealth's burden of proof beyond a reasonable doubt. Compare *Commonwealth* v. *Therrien*, 371 Mass. 203, 207-208 (1976).

The case turned principally on the credibility of the participants. Apart from the testimony of the victim, the only other evidence introduced by the Commonwealth was that of two police officers whose testimony was mainly concerned with the story they had received from the victim. The victim's testimony was contradicted not only by the defendant but also by the defendant's wife. The latter testified to hearing "the noise of the couch . . . a certain creak to it when you make love on it" and observing her sister and her husband having sexual intercourse. She told her sister to "[g]et the hell out of my apartment and if you want my husband that badly, you can take him with you." When the pair did not leave, she went to a neighbor's home and had the neighbor call the police "[b]ecause they wouldn't leave my apartment."

It is our view that the trial transcript does not disclose a strong case against the defendant, and in the circumstances we are satisfied that the erroneous portion of the charge created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Borges*, 2 Mass. App. Ct. 869 (1974); *Commonwealth* v. *Cote*, 5 Mass. App. Ct. 365, 369 (1977); *Commonwealth* v. *Anslono*, 9 Mass. App. Ct. 867 (1980). Contrast *Commonwealth* v. *Hanscomb*, 367 Mass. 726, 731 (1975); *Commonwealth* v. *Perry, supra* at 311.

Commonwealth v. Glen.

As the other portions of the charge complained of by the defendant are unlikely to be given in substance or in form at any retrial, we need not discuss them here.

There are two other issues which are properly before us and which may arise at a retrial.

1. The defendant's claim of error in the admission of evidence of a complaint by the victim to two police officers about three hours after the incident, without the judge's having made a preliminary finding that the complaint was fresh, is without merit. *Commonwealth* v. *McGrath*, 364 Mass. 243, 247 (1973). See *Commonwealth* v. *Lund*, 5 Mass. App. Ct. 884 (1977). It was obvious from the testimony laying the foundation for the admission of the fresh complaint evidence that the statements were admissible, and the judge so ruled ("it is certainly fresh complaint") when testimony of it was first offered.[2] It is clear that the judge, in overruling the defendant's objections to the testimony of two police officers as to the victim's complaints, was relying on his initial ruling that the complaints were fresh. See *Commonwealth* v. *Howard*, 355 Mass. 526, 530 (1969); *Commonwealth* v. *Edwards*, 7 Mass. App. Ct. 868 (1979).

2. The offered testimony of the defendant's brother that on one occasion the victim had tried "to get [the defendant] to go to her house with her after [a] party" was properly excluded if for no other reason than it was not shown that the evidence was current, as there was no indication whether the words had been spoken days, weeks, months, or even years[3] before the present incident. See *Commonwealth* v. *Hubbard*, 371 Mass. 160, 174 (1976); *Commonwealth* v. *DiSanto*, 8 Mass. App. Ct. 694, 707 (1979). See also *Commonwealth* v. *Bemis*, 242 Mass. 582, 585 (1922).

---

[2] As the evidence was properly admitted, we fail to see how the defendant was harmed by reference to it in the prosecutor's opening statement. See *Commonwealth* v. *Fazio*, 375 Mass. 451, 454 (1978).

[3] There was testimony that the victim and the defendant had known each other for many years.

Whether such evidence will be admissible at a further trial will turn on an exercise of judgment as to whether the alleged remark was made within a period of time sufficiently close to the events in question to assure relevance with respect to those events.

*Judgment reversed.*

*Verdict set aside.*