COMMONWEALTH vs. THOMAS CASSERLY. December 24, 1986. *Practice, Criminal,* Restitution, Costs. *Restitution. Motor Vehicle,* Receiving stolen motor vehicle. *Receiving Stolen Goods.*

Casserly appeals from his conviction by a jury of six in the Municipal Court of the City of Boston of receiving a motor vehicle, having reason to know it to have been stolen in violation of G. L. c. 266, § 28(*a*). The trial judge suspended for two years a sentence of one year in a house of correction on condition that Casserly "no longer participate in the junk business" and that he pay restitution of $500 and $500 court expenses. Casserly's attorney, after consulting his client, accepted the court's offered conditions, and the sentence was suspended. The trial took place on November 4, 1985, and the judge afforded Casserly until May 7, 1986 (over six months), to pay the costs and restitution.

1. Casserly contends that under G. L. c. 276, § 92A, restitution could not be awarded properly without an evidentiary hearing. He, however, did not request a hearing on the amount of restitution. The judge had heard diverse testimony about the value of the automobile during trial. He fixed an amount which seems reasonable in the light of that testimony and gave defense counsel ample time to consult his client, to request a further hearing on restitution, or to make objection. There was no arbitrary denial of any right to be heard on the amount of the restitution and, in effect, what occurred amounted to an informed waiver of the opportunity to be heard further (i.e., in addition to the evidence heard during trial which bore on the financial loss suffered as the result of Casserly's actions) on the issue of restitution under 92A. Compare *Commonwealth* v. *Nawn,* 394 Mass. 1, 6-8 (1985) and the action there taken when the trial judge had afforded substantially less opportunity to be heard. Compare also G. L. c. 258B, as amended.

---

2. For Casserly it is contended that the judge should have instructed the jury essentially that reliance upon a certificate of title is a defense to prosecution under c. 266, § 28(*a*). No request for such an instruction was made. There also was no objection to the failure to give one. There was ample evidence from which the jury could have inferred that Casserly knew and reasonably must have known that the automobile sold to him had been stolen and that the certificate of title (found in the automobile, by the persons who had stolen it) had been transferred wrongfully. See *Commonwealth* v. *Dellamano,* 393 Mass. 132, 135-138 (1984). The Commonwealth's burden was to prove beyond a reasonable doubt knowledge by Casserly that the vehicle had been stolen. It had no burden to disprove Casserly's explanation of his reliance on the title certificate which was not a specific defense, but merely one factor to be weighed by the jury in determining whether the Commonwealth had presented evidence sufficient to meet its burden of persuasion. See *Commonwealth* v. *Burns,* 388 Mass. 178, 182 (1983).

3. General Laws c. 266, § 28(*a*), requires no proof of the value of the vehicle stolen. An issue of value was put into the case by defense cross-examination and was not a necessary element of proof.

4. There was no error in the imposition of costs as a "term of probation." See G. L. c. 280, § 6. Compare *Commonwealth* v. *Scagliotti,* 373 Mass. 626, 629 (1977).

*Judgment affirmed.*

*John T. Burns* for the defendant.

*Jane A. Donohue,* Assistant District Attorney (*Rosemary Mellor,* Legal Assistant to the District Attorney, with her) for the Commonwealth.