COMMONWEALTH *vs.* LAURIE STRACUZZI.

No. 90-P-755.

Berkshire. December 4, 1990. - February 28, 1991.

Present: WARNER, C.J., SMITH, & IRELAND, JJ.

*Practice, Criminal,* Verdict, Waiver of trial by jury, Plea, Double jeopardy. *Constitutional Law,* Waiver of constitutional rights, Double jeopardy. *Waiver.*

At a jury trial of complaints charging the defendant with failing to stop for a police officer while operating a motor vehicle, driving to endanger, and operating under the influence of intoxicating liquor, the judge's direction of verdicts of guilty on the charges of operating to endanger and failing to stop for a police officer amounted to reversible error, where there was no agreement of all the facts material to the proof of those two crimes. [162-163]

There was no merit to a defendant's contentions that a judge's unobjected-to instructions to the jury in a criminal case ordering them to return verdicts of guilty on certain charges should be treated as though they were a declaration of a mistrial in the absence of "manifest necessity" and that her retrial would thus be prevented by the double jeopardy clause of the Fifth Amendment to the United States Constitution. [163-165]

COMPLAINTS received and sworn to in the Pittsfield Division of the District Court Department, two on August 28, 1989, and two on September 26, 1989.

On transfer to the jury session, the cases were tried before *Benjamin J. Apkin,* J.

*Thomas J. Donohue, Jr.,* for the defendant.

*Robert J. Carnes,* District Attorney, for the Commonwealth.

WARNER, C.J. The defendant was tried before a District Court jury of six on complaints charging two counts of failing to stop for a police officer while operating a motor vehicle, two counts of driving to endanger and one count of operating under the influence of liquor. What began (in the

defendant's counsel's opening statement) as a vigorous defense to all of the charges, withered, as to those involving driving to endanger and failing to stop for a police officer, in the face of strong evidence from prosecution witnesses and the defendant herself — so much that the defendant's counsel in his closing argument said that the defendant had "admitted to some of the charges that are being brought against her. In fact she's not even contesting it and the judge will instruct you what to do about that."

Twice in his instructions to the jury, the judge, without explanation, ordered the jury to return verdicts of guilty on the charges of operating to endanger and failing to stop for a police officer. The defendant made no objection. The judge charged the jury on the elements of the offense of operating under the influence of liquor. The jury returned the guilty verdicts as directed and acquitted the defendant on the operating under the influence charge.[1] The defendant appeals, claiming error in the direction of the verdicts and also arguing that she may not be retried under principles of double jeopardy.

1. *The directed verdicts of guilty.* The Commonwealth confesses "clearly reversible" error in the direction of the verdicts. We comment briefly in the hope that such action will in the future be avoided.

"A judge has no authority to direct a verdict when there are issues of fact to be resolved." *Commonwealth* v. *Hebert*, 379 Mass. 752, 755 (1980). "Only where there is no issue of fact for the jury because of an agreement of all the facts material to the proof of the crime charged can a judge properly take an issue from the jury." *Commonwealth* v. *Scag-*

---

[1] One operating to endanger charge was placed on file. Although we do not generally consider appeals from charges placed on file, we may do so "in the interest of efficiency and in a suitable case." *Commonwealth* v. *Freeman*, 29 Mass. App. Ct. 635, 636 n.1 (1990), quoting from *Commonwealth* v. *Chappee*, 397 Mass. 508, 523 (1986). Here, it is appropriate to consider the filed charge because the defendant's claim that the judge erred in directing the verdicts against her applies to all the charges that resulted in guilty verdicts. See *Commonwealth* v. *Doe*, 8 Mass. App. Ct. 297, 298 n.1 (1979), and cases cited.

*liotti,* 373 Mass. 626, 628 (1977). No such agreement was made in this case. It was, therefore, error for the judge to direct the verdicts against the defendant. See *Commonwealth* v. *Sookey,* 236 Mass. 448, 452 (1920) (judge erred in directing jury to find defendants guilty of unlawfully selling intoxicating liquor; "even if the agreed facts had warranted a finding that this Jamaica ginger was an intoxicating beverage within the meaning of our statute, that issue, being one of fact, should have been submitted to the jury"); *Commonwealth* v. *Moniz,* 336 Mass. 178, 180-181 (1957) (judge erred in directing jury to find defendants guilty of exhibiting obscene films; it was for the jury to determine whether films were obscene). Cf. *Commonwealth* v. *Gallison,* 384 Mass. 184, 185 & n.3, 193 n.5 (1981).

The testimony of the defendant, together with the closing statements of her counsel that she "had admitted to some of the charges" and "she's not even contesting it," can neither be considered a knowing and voluntary waiver of a jury trial, see *Ciummei* v. *Commonwealth,* 378 Mass. 504, 509-510 (1979); *Commonwealth* v. *Smith,* 403 Mass. 489, 493 (1988), nor a guilty plea, see *Commonwealth* v. *Duquette,* 386 Mass. 834, 841-842 (1982). As in *Commonwealth* v. *Smith, supra* at 495-497, it is impossible to determine whether the error here prejudiced the defendant. It is enough to say that "the jury has the power to bring in a verdict in the teeth of both the law and facts. (Holmes, J.)." *Commonwealth* v. *Hebert,* 379 Mass. at 755-756, quoting from *Horning* v. *District of Columbia,* 254 U.S. 135, 138 (1920).

2. *Retrial and double jeopardy.*

The defendant contends that because the judge improperly took the case from the jury by directing the verdicts, his action should be treated as though it were a declaration of a mistrial in the absence of manifest necessity. She concludes that her retrial is thus banned by the double jeopardy clause of the Fifth Amendment to the United States Constitution. The analogy fails. The judge's improper jury instructions were not in the circumstances the functional equivalent of a declaration of a mistrial. See *Commonwealth* v. *Sookey,*

*supra*; *Commonwealth* v. *Moniz, supra*; *Commonwealth* v. *Scagliotti, supra* at 628-629 (jury were improperly instructed that an enclosed theatre cubicle, in which defendant was accused of performing an unnatural act, was a public place as a matter of law; whether the cubicle was a public place was a factual matter for jury determination); *Commonwealth* v. *Cote*, 5 Mass. App. Ct. 365, 369-370 (1977) (jury were instructed to find both defendants guilty or both not guilty, but not to find one guilty and one not guilty; the instruction "amounted to a usurpation of the fact-finding function of the jury"); *Commonwealth* v. *Glen*, 12 Mass. App. Ct. 317, 318-320 (1981) (judge's apparent misstatement had the effect of directing a verdict against the defendant).

In any event, the "manifest necessity" requirement does not apply where the defendant has acceded to the declaration of a mistrial. *Commonwealth* v. *Donovan*, 8 Mass. App. Ct. 313, 316 (1979), citing *United States* v. *Gori*, 282 F.2d 43, 47 (2d Cir. 1960), aff'd, 367 U.S. 364 (1961). See *United States* v. *Ramirez*, 884 F.2d 1524, 1529 (1st Cir. 1989). "The prosecutor must demonstrate 'manifest necessity' for any mistrial declared over the objection of the defendant." *Arizona* v. *Washington*, 434 U.S. 497, 505 (1978). *Lovett* v. *Commonwealth*, 393 Mass. 444, 447 (1984). See *Commonwealth* v. *Cassidy*, 29 Mass. App. Ct. 651, 651-652 & n.1 (1990). The defendant's counsel took no objection to the judge's twice ordering the jury to return guilty verdicts.

Nor has the defendant demonstrated that the judge acted in bad faith in directing the verdicts. Cf. *Commonwealth* v. *Andrews*, 403 Mass 441, 448 (1988), quoting from *United States* v. *Dinitz*, 424 U.S. 600, 611 (1976), and *Oregon* v. *Kennedy*, 456 U.S. 667, 676 (1982) ("the burden is on the defendants to show judicial bad faith or prosecutorial 'goading' or 'overreaching' " which is intended to induce the defendant into moving for a mistrial in order to bar retrial); *Jones* v. *Commonwealth*, 7 Mass. App. Ct. 383, 396 (1979), rev'd on other grounds, 379 Mass. 607 (1980)("It is clear from those cases involving judicial or prosecutorial errors

which gave rise to the defendants' requests for mistrials that mere negligence [see *Lee* v. *United States*, (432 U.S. 23,) 34 (1977)] or inadvertent conduct will not suffice for a finding of overreaching or bad faith, though intentional misconduct may"). *Commonwealth* v. *Hennigan*, 11 Mass. App. Ct. 979, 979-980 (1981) ("Record does not show any 'judicial over-reaching or bad faith' which would bar prosecution after the mistrial was granted at the defendants' request"). See also *Jones* v. *Commonwealth*, 379 Mass. at 615 n.17. Here, the defendant's counsel may even have prompted the judge's action ("she's not even contesting [the charges] and the judge will instruct you what to do about that"). Counsel's actions seem clearly to reflect a tactical choice to concede the less serious charges (in part as a palliative) and focus on the charge on which the jury acquitted.[2]

> *Judgments reversed.*
> *Verdicts set aside.*

---

[2]On the latter charge, counsel argued that although the defendant may have been driving unsafely, she was driving skillfully and, thus, not under the influence of intoxicating liquor.