Cowin, J.
Defendant Robert Barsell (Barsell) pleaded guilty to solicitation to murder and on July 7, 1993 was sentenced to from six to ten years in state prison, suspended for five years. Barsell now moves to vacate the sentence on the grounds that solicitation is a common law misdemeanor and thus punishable only by a sentence to a House of Correction. Based on the following, Barsell’s motion is allowed.
DISCUSSION
Solicitation to commit murder is a common law crime in Massachusetts. Commonwealth v. Scagliotti, 373 Mass. 626, 627 (1977). The solicitation of another to commit a felony is uniformly held indictable as a misdemeanor under the common law. 2 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law, §6.1 (1986), citing to Commonwealth v. Flagg, 135 Mass. 545 (1883).
Although states which have codified the solicitation to murder offense often treat such solicitation as a felony and the Model Penal Code makes solicitation to commit a felony of the first degree punishable as a felony of the second degree, Massachusetts has not codified the offense of solicitation nor has it adopted the Model Penal Code. See LaFave & Scott, supra at §6.1.
As indicated above, according to the common law in Massachusetts, solicitation to commit a felony is a misdemeanor. See Commonwealth v. Willard, 22 Pick. 476, 478 (1839). In Willard, the Supreme Judicial *611 Court stated that the law which holds it á misdemeanor to counsel, entice, or induce another to commit a crime applies to cases of felony. Id. The Willard court relied on Rex v. Higgins, 102 Eng. Rep. 269 (1801), for support. Id. In Higgins, the court held that solicitation to steal is a misdemeanor, although the crime of stealing, if committed, would have been a felony. Id.
Although the felony approach to sentencing predominates in other states where solicitation is a common law offense, the Willard case is still the law of the Commonwealth. Compare Commonwealth v. Clark, Cr. No. 92798 (Plymouth Super. Ct. June 16, 1993). In Clark, the court compared solicitation to the similar felonious crimes of attempt, conspiracy and accessory before the fact and held that solicitation to murder should be treated as a felony. Id. The Clark decision did not address the Willard case, however, and as such case is still good law in Massachusetts the court is bound by it. The offense of solicitation to commit murder is a misdemeanor and is punishable as such pursuant to G.L.c. 274, §1.
ORDER
Based on the foregoing, it is ORDERED that defendant’s amended motion to vacate judgment is ALLOWED and his motion to dismiss is DENIED. The defendant shall be resentenced according to the law.